HILLIKER ET AL. V. FRANCISCO ET AL., APPELLANTS.

1. **Mechanic's Lien**: OWNER MAY APPEAL FROM JUDGMENT AGAINST HIS PROPERTY.   An owner, who has been made party to a mechanic's lien case, is entitled to appeal from a judgment in favor of a sub-contractor subjecting his premises to the lien.

2. **Account Filed for Mechanic's Lien.**   When it appears that the owner was apprised of the terms of the contract between the principal and the sub-contractor, an account filed by the latter for "Junction City stone furnished for First National bank building, as per contract, and labor setting same $7,790" will be held a sufficiently specific statement of his claim for a mechanic's lien.

3. **Partnership**: INDIVIDUAL CONTRACT:   EVIDENCE:   PARTIES TO SUIT.   A contract running in the name of "R. W. H. and J. F. K. of the firm of H. & K.," though signed in the name of the firm, is the contract of the individual members and not of the firm, and evidence to prove that a third person was also a member of the firm is inadmissible in a suit on such contract; and such third person is not a necessary or proper party to such suit.

4. **Partnership   Assets**: INDIVIDUAL DEBTS.   A partner has no right to appropriate the assets of his firm to the payment of his individual debts, nor to the payment of the individual debts of himself and his co-partner, unless they are also debts of the firm.

5. **Measure of Sub-Contractor's Right of Recovery.**   If there is no evidence to show that the materials furnished by a sub-contractor are worth less than the price agreed on between him and the principal contractor, he is entitled to a lien for this agreed price regardless of the price that may have been fixed by the contract between the owner and the principal contractor.

6. **Surprise.** That an attorney is surprised by the rulings of the court or by instructions given, is no ground for a new trial.

*Appeal from Jackson Circuit Court*—Hon. Samuel L. Sawyer, Judge.

This was a suit to enforce a mechanic's lien brought by R. W. Hilliker and Joel F. Kinney, as partners doing business under the name and style of Hilliker & Kinney, against Francisco, Switzer & Jeffers and the First National Bank of Kansas City. The bank was the owner of the building sought to be charged with the lien; the other defendants were contractors for its erection, and plaintiffs were sub-contractors for the stone-work. The contract sued on ran in the name of " R. W. Hilliker and J. F. Kinney, of the firm of Hilliker & Kinney," as parties of the first part, and was signed " Hilliker & Kinney." The first item of the account filed with the clerk of the circuit court, for a mechanic's lien, was as follows :

" To Junction City stone furnished for First National Bank building, as per contract, and labor setting same . . . . . . . . . . $7790 00"

The petition was in the usual form. The bank filed a separate answer denying the allegations in the petition, and alleging that there was a defect of parties plaintiff, and in another count set up a settlement between appellant and one of plaintiffs, Joel F. Kinney, of all matters in controversy in the suit. Evidence was offered to prove the settlement. It tended to show that the consideration for the settlement was a credit for $1,800 on a judgment held by the bank against Kinney, and a receipt for $1,400 in full discharge of an account claimed by the bank to be due to it from Hilliker, Kinney and one Phelps, for which a suit was then pending.

The counsel for plaintiffs objected to the evidence as incompetent and irrelevant, because the indebtedness appeared to be that of other parties than the plaintiffs. During the argument on the objection the court suggested that

it would be necessary to show that Phelps was a partner with Hilliker and Kinney in the contract sued on, before the settlement could be made available as a defense; and if such partnership could be shown, the settlement would be immaterial, as in that case there would be a defect of parties plaintiff, and plaintiffs could not recover. Counsel for both parties acquiesced in the suggestion as to the defect of parties plaintiff, and defendant then abandoned the count in his answer, setting up the settlement, and continued the trial of the case, introducing evidence to show that Phelps was a partner in said transaction, and on that point only.

The court, at the instance of the plaintiff, gave the following among other instructions:

4. It is wholly immaterial in this case, and does not affect the plaintiffs' right to recover herein what the terms of the contract were between the First National Bank of Kansas City and Francisco, Switzer and Jeffers for erecting the bank building, or what price said Francisco, Switzer and Jeffers were to receive for the same or the stone work put into said building.

7. If the jury find from the evidence that Francisco Switzer and Jeffers, while the work of building the building described in the petition was going on, executed the written contract offered in evidence by plaintiffs in this case, the defendants are estopped from denying that the contract sued on was made by them with Hilliker and Kinney as partners under the firm name of Hilliker & Kinney, and from asserting that Cicero Phelps had any interest in said contract, and in that case it makes no difference whether Cicero Phelps was at the time of making the contract sued on, or during the progress of the work, became a partner with Hilliker and Kinney in the stone business or not.

Upon the instructions the jury found for plaintiffs, and judgment was entered against the contractors and for the enforcement of the lien against the building. There was

no judgment against the bank by name. The bank alone appealed.

*Tomlinson & Ross* for appellant.

1st. Testimony as to the settlement made between the appellant and Kinney was competent and relevant. Kinney had a right to make the settlement, whether the indebtedness to appellant was that of Hilliker and Kinney, or Hilliker, Kinney and Phelps, for they were severally liable to the appellant. *Austin v. Feland*, 8 Mo. 309; *Rent v. Rogers*, 24 Mo. 306; *Mortland v. Holton*, 44 Mo. 58. At the suggestion of the court, acquiesced in by plaintiffs' counsel, appellant abandoned a good defense, relying on proving that Phelps was interested as a partner in the transaction, which is the foundation of the action, and tried the cause on this theory. When appellant had no opportunity to be heard on the third defense, its counsel were first informed that what it had been led by the court to believe was a good defense was no defense at all. This operated a surprise on appellant and entitled him to a new trial. *Morrow v. Hatfield*, 6 Humph. 108; *LeFleming v. Simpson*, 1 Man. & Ry. 269; *Boyce v. Mooney*, 40 Mo. 104.

2nd. The doctrine of estoppel can not be made to apply to the case. Appellant never made any admission inconsistent with the evidence offered; never made any admission to plaintiffs at all, and did not mislead them in any way. *Newman v. Hook*, 37 Mo. 207.

3d. Phelps was a necessary party to the suit. Wag. Stat. 999 § 2; Id. 909 § 8, 1000 § 4, 1001 § 6.

A dormant partner is a necessary party under the code. *Secor v. Keller*, 4 Duer 416; *McKenzie v. L'Amoureux*, 11 Barb. 516; Barber on Partners, 426, 427; Parsons on Partnership, 428; *Wilson v. Wallace*, 8 S. & R. 53; *Bailey v. Inglee*, 2 Paige, 278. For defect of parties plaintiff all may demur (or answer if defect does not appear on face of pleading.) *Scranton v. The Bank*, 33 Barb. 527; 30

How. Pr. 231; *Howard v. McKowen*, 2 Brown, Penn. 150. The mechanics' lien law does not change the relation of parties to contracts. *Rockwood v. Walcote*, 3 Allen 458.

4. There was no cause of action stated in the petition. The account filed was not a just and true account within the meaning of the statute. What purports to be an account, is not such, but a price agreed upon for the work. *Russell v. Bell*, 44 Pa. St. 47; *Lee v. Burke*, 66 Pa. St. 336

*Wm. E. Sheffield* for respondent.

The bank was not a necessary party to the suit, and there being no judgment against it, it could not take an appeal; the judgment was against the contractors. *Schæffer v. Lohman*, 34 Mo. 68; Acts 1856-7 p. 668; Wag. Stat. 908 § 3; *Wibbing v. Powers*, 25 Mo. 599; *Ashburn v. Ayres*, 28 Mo. 75; *Wescott v. Bridwell*, 40 Mo. 146; *Miller v. Faulk*, 47 Mo. 262; *Horstkotte v. Menier*, 50 Mo. 158. It is the duty of the original contractor to protect the property against liens, and if he fails to do so, the owner has his remedy against him; but cannot defend against the lien.

2. The written instrument claimed to be the settlement which the First National Bank had from Kinney, bearing date Nov. 12, 1874, and which was used upon the hearing of the motion for a new trial, shows upon its face that the claims pretended to have been paid by the settlement, were not against Hilliker and Kinney at all; but were claims against Phelps and Kinney individually, and Hilliker, Kinney & Phelps. *Ackley v. Staehlin*, 56 Mo. 558; *Flanagan v. Alexander*, 50 Mo. 50; *Price v. Hunt*, 59 Mo. 263.

3. There was no ground for a new trial on the score of surprise. *State v. Schar*, 50 Mo. 393.

HENRY, J.—The First National Bank of Kansas City was, by plaintiffs, made a defendant, but they now insist that the bank has no right of appeal from the judgment against its property.

1. MECHANICS' LIEN: owner may appeal from judgment against his property.

Sec. 9, page 910, Wag. Stat., provides that " in all suits under this chapter, the parties to the contract shall, and all other persons interested in the matter in controversy and the property charged with the lien may be made parties, but such as are not made parties shall not be bound by any such proceedings." Respondents contend that the bank was not a necessary party to the proceedings, and therefore has no right to appeal from the judgment. Although not a necessary party, it will not be denied that the bank was a proper party. Virtually there are two causes of action stated in the petition; one against the contractors, to which the owner is neither a necessary nor a proper party; the other against the owner to subject its property to the payment of the contractor's debt, and the bank would not have been bound by the judgment enforcing the lien against its property, unless made a party to the proceedings. A demurrer for misjoinder would not have been sustained; section 9 recognizes the propriety of making the owner a party, and provides, what would have been the law if no such provision had been inserted, that the owner shall not be bound by the judgment, unless made a party to the proceedings. It would be an anomaly if the bank, by being made a party, would be bound by the judgment against its property, and yet could not appeal from that judgment, however erroneous. We think that the appeal was properly allowed.

The account filed with the clerk, under the circumstances, was specific enough. The only item about which 2. ACCOUNT FILED there can be any doubt, is the first, for stone FOR MECHANICS' LIEN. furnished bank building as per contract, &c. There was evidence tending to show, not only that the bank was apprised of the terms of the contract between the contractors and plaintiffs, but had agreed with the contractors to the sum of $7,000.00, as compensation to plaintiffs for the labor and materials mentioned in the first item.

The court below held, that inasmuch as the contract for the stone work was made with R. W. Hilliker and J.

**3. PARTNERSHIP: individual contract: evidence: parties to suit.** F. Kinney, defendants were estopped from showing that Phelps was jointly interested with them in the contract, and that, therefore, defendants could not avail themselves of the settlement made with Kinney by the bank, whether the demands of the bank, so settled, were against Hilliker, Kinney and Phelps, or not. The written agreement was not made with the firm of Hilliker & Kinney. If it had been, evidence would have been admissible to show that Phelps was their co-partner. Such proof would not have been contradictory of but consistent with the written contract. Having been made with the individuals, R. W. Hilliker and Joel Kinney, Phelps could only have had an equitable interest in the contract. If there was a firm of Hilliker & Kinney, of which he was a member, and the work contracted for was in the line of the partnership business, or if there was an understanding between him and Kinney and Hilliker, that he should be jointly interested, he would have had his remedy against them, but the fact that he was their partner in business, or that they had agreed that he should be jointly interested with them in the contract, imposed no liability to him, upon the bank or the other defendants who might properly have denied that Francisco & Co., made any contract with Hilliker, Kinney & Phelps, if such a contract had been declared upon. The evidence to show that Phelps was jointly interested with Hilliker & Kinney in the contract sued upon, being inadmissible, the seventh instruction for plaintiffs was properly given; and it follows that the evidence to show that the claims of the bank against Kinney and Phelps, were partnership liabilities of the firm of Hilliker, Kinney & Co., of which Phelps was a member, was also properly excluded. Kinney had no right to appropriate assets of the firm of Hilliker & Kinney in payment of debts owing from the firm of Hilliker, Kinney & Co. But our statute makes such obligations joint and several, and it may be argued that they were also the debts of Hilliker and Kinney. That

**4. PARTNERSHIP ASSETS: individual debts.**

is true, but not debts of the firm of Hilliker & Kinney, but debts for which they were individually liable. Kinney could not appropriate the assets of Hilliker & Kinney in payment of his individual indebtedness, nor could he apply them in payment of an individual indebtedness of himself and Hilliker. Partnership assets must first be applied in payment of partnership liabilities, and one partner has no authority to make a different disposition of them. He can only dispose of the assets of the firm in the transaction of firm business, and it was no part of the business of the firm of Hilliker & Kinney to settle the business of Hilliker, Kinney & Co., or the individual liabilities of R. W. Hilliker and Joel Kinney, unless they were also liabilities of the firm of Hilliker & Kinney.

The fourth instruction for plaintiffs is not objectionable. It does not assert that the bank is liable to plaintiffs 5 MEASURE OF SUB-CONTRACTOR'S RIGHT OF RECOVERY. for the price of the materials and labor agreed upon by the contractors and the plaintiffs, without regard to their actual value. There was no evidence introduced or offered to show that the work and materials were worth less than the contract price, and the question discussed by appellant's counsel, and in the Pennsylvania cases cited by them, is not presented by the fourth instruction, or anywhere in the record, and therefore will not be determined in this cause.

That an attorney is surprised by the rulings of the court, or by instructions given, is no ground for a new 6. SURPRISE. trial, but in this case, the only effect of the surprise alleged was to prevent defendants from offering the evidence, which in our view of the case, the court would have properly excluded. With the concurrence of the other judges, the judgment is affirmed.

AFFIRMED.