## MITCHELL PLANING MILL COMPANY, *Appellant*, v̇. ALLISON *et al.*

### Division One, March 9, 1897.

1. **Mechanic's Lien**: DEFINITION OF ACCOUNT. The *"account,"* which the mechanic's lien law of Missouri requires to be filed to obtain a lien, is such a statement of the claim as fairly apprises the landowner and the public of the nature and amount of the demand asserted as a lien. (Various decisions on, and definitions of, the word *"account"* are mentioned in the opinion of the court.)

2. **Mechanic's Lien**: DATE OF ITEMS. A lien account is not void for want of a date set opposite each item, if it clearly appears that the items were furnished between given dates within the proper time.

3. ————: EXPLAINING CLAIM BY AFFIDAVIT. A lien claim may be explained by the affidavit filed with it for the purpose of obtaining a lien, and all that is required therein is a substantial compliance with the lien law.

4. ————: MANY ITEMS. The lien paper in this case contains one charge for a large group of items; but such charge is not illegal if all the items are proper subjects for a lien and the contract under which they were furnished made one price for said group of items.

5. ————: PRICE: REASONABLE VALUE. The price agreed for materials between a sub-contractor and chief contractor for a building is *prima facie* the reasonable value thereof.

6. ————: PLEADING: ORIGINAL AND SUB-CONTRACTORS: LIEN ACCOUNT. A just and true account of the lien demand is required by the law, and the same language applies equally to original and sub-contractors. But the lien account need not have the definiteness of a pleading.

7. ————: PLEADINGS. Pleadings in lien cases are governed by the code of procedure, except in those particulars covered by the lien law.

*Transferred from the Kansas City Court of Appeals.*

REVERSED AND REMANDED.

The essential facts necessary to an understanding of the opinion are to be found in the report of this case in the Kansas City Court of Appeals, 71 Mo. App. 251.

*C. T. Garner & Son* for appellant.

(1) The trial court erred in excluding the lien from the jury and in instructing to find against the plaintiff as to W. M. Allison.   The account filed in the circuit clerk's office was itemized and stated that said material was delivered and used in the building between April 20, 1893, and July 19, 1893, and the petition stated that plaintiff commenced to furnish said material on April 20, 1893, and continued to furnish the same until July 19, 1893.   It is therefore insisted that the plaintiff came clearly within the lien law.   *Peck v. Bridwell*, 10 Mo. App. 524; *Peck v. Bridwell*, 6 Mo. App. 451; *Hayden v. Wulfing*, 19 Mo. App. 353.   (2) It has been repeatedly held by this court and by the supreme court that the mechanics' lien law is highly remedial in its nature and should receive a liberal construction.   *De Witt v. Smith*, 63 Mo. 263; *Morgan v. Railway*, 76 Mo. 172 and a long line of authorities there cited.   (3) It is insisted that the court erred in giving judgment against the plaintiff for the costs of this suit on the motion of defendant under section 210, Revised Statutes 1889, where it provides that suit instituted in circuit court against an estate within one year the party shall pay all costs.   The mechanic lien law requires that the original contractor shall be made a party to the suit, and the plaintiff in this case was compelled to make the administrator of R. E. Brown a party defendant, and to compel the plaintiff to pay the costs in doing something that the law requires is unjust and unfair, and appellants insist that such a judgment should not have been rendered.

*Lavelock, Kirkpatrick & Divelbiss* for respondents.

(1)   Motions to be reviewed on appeal must be incorporated in the bill of exceptions.   *Butcher v. Keil,*

1 Mo. 262; *U. S. v. Gamble*, 10 Mo. 457; *City of St. Louis v. Milligan*, 18 Mo. 181; *Christy's Adm'r v. Myers*, 21 Mo. 112; *Loudon v. King*, 22 Mo. 336; *Brown v. Foote*, 55 Mo. 178; *Blount v. Zink*, 55 Mo. 455; *Corby v. Tracy*, 62 Mo. 511; *State ex rel. v. Burckhartt*, 83 Mo. 430; *Arnold v. Boyer*, 108 Mo. 310; *State v. Henderson*, 109 Mo. 292; *Kohn v. Lucas*, 17 Mo. App. 29; *Hubbard v. Quisenberry*, 32 Mo. App. 459; *Perkins v. Bakron*, 39 Mo. App. 331; *Bank v. Finks*, 40 Mo. App. 367; *Crow v. Stevens*, 44 Mo. App. 137; *Coquard v. Prendergrast*, 47 Mo. App. 243; *Wilson v. Scott*, 50 Mo. App. 329; *School Dist. v. Holmes*, 53 Mo. App. 488; Elliott on App. Proced., sec. 817. (2) Errors not complained of in motion for new trial are not reviewable on appeal. *Ridenhour v. Railway*, 102 Mo. 270; *Lyon v. LaMaster*, 103 Mo. 612; *Baker v. Railway*, 107 Mo. 230; *Haynes v. Town of Trenton*, 108 Mo. 123; *State v. Noeninger*, 108 Mo. 166; *State v. Grote*, 109 Mo. 345; *Williams v. Railway*, 112 Mo. *loc. cit.* 485; *City of St. Louis v. Sieferer*, 111 Mo. *loc. cit.* 665; *Mays v. Mays*, 114 Mo. 536; *State v. Horn*, 115 Mo. 416; *State v. Cantlin*, 118 Mo. *loc. cit.* 111; *Wilson v. Taylor*, 119 Mo. 626; *Vanstone v. Goodwin*, 42 Mo. App. 39; *State v. Morton*, 42 Mo. App. 64; *Connelly v. Shamrock Ben. Soc.*, 43 Mo. App. 283; *State v. French*, 47 Mo. App. 474; *Link v. Link*, 48 Mo. App. 345; *Palmer v. Shenkel*, 50 Mo. App. 571; *Smith v. Zimmerman*, 51 Mo. App. 519; *Middleton Gro. Co. v. Day*, 54 Mo. App. 419; *McManus v. Watkins*, 55 Mo. App. 92. (3) The taxing of the costs against plaintiff in this case was an adjudication by the court; was a matter of exception; and alleged errors therein should have been called to the attention of the court in the motion for new trial. 1 R. S. of Mo. (1889), sec. 210; *Mann v. Warner*, 22 Mo. App. 577; *Bosley v. Parle*, 35 Mo.

App. 232; *Link v. Link*, 48 Mo. App. 345; Elliott on App. Procedure, sec. 817. (4) The court did not commit error in excluding the lien papers offered by the plaintiff. 2 R. S. of Mo. (1889), sec. 6709; *Curless v. Lewis*, 46 Mo. App. 278; *Holtschneider v. Page*, 51 Mo. App. 285; *Standish v. Petitt*, 2 Mo. Leg. News, 442; *Bradish v. James*, 83 Mo. 316; *Coe v. Ritter*, 86 Mo. 277; *Rude v. Mitchell*, 97 Mo. 365. (5) The verdict of the jury was for the right party, and as no error was committed by the court, materially affecting the merits of the cause, the judgment of the trial court should be affirmed. 1 R. S. of Mo. (1889), sec. 2303; *Orth v. Dorschlein*, 32 Mo. 366; *McLeod v. Skiles*, 81 Mo. 595; *Valle v. Picton*, 91 Mo. 207; *Land Co. v. Hays*, 105 Mo. 153; *Brandon v. Carter*, 119 Mo. 572; *Walter v. Heoffner*, 51 Mo. App. 53; *Goodwin v. Railroad*, 53 Mo. App. 10; *School District v. Holmes*, 53 Mo. App. 492; *Harris v. Powell*, 56 Mo. App. 24.

BARCLAY, P. J.—The statement and opinion of the Kansas City court of appeals sufficiently disclose the decisive facts on which judgment must be pronounced on this appeal. Our learned brethren of that court sent the cause to the supreme court under the sixth section of the constitutional amendment of 1884, because they recognized that the result they had reached was contrary to the previous decision of the St. Louis court of appeals in *Hayden v. Wulfing* (1885) 19 Mo. App. 353. Other decisions of the latter court might be mentioned which accord with the *Hayden* case on the point of present difference between the appellate courts, for instance, *Kearney v. Wurdeman* (1889) 33 Mo. App. 447; *Bruns v. Braun* (1889) 35 Mo. App. 337; *Mesker v. Cutler* (1892) 51 Mo. App. 341; *Bambrick v. Church Ass'n* (1893) 53 Mo. App. 225.

The substance of the controversy is within a narrow field. The action is to enforce a mechanics' lien. The learned trial court excluded the paper that had been filed for the purpose of securing a lien. In so doing the court doubtless intended to follow the ruling of the Kansas City Court of Appeals in *Curless v. Lewis* (1891) 46 Mo. App. 278. One objection (which the learned judges of the Kansas City court of appeals found to be fatal) was that the itemized statement fails to mention any dates. At the close of the items is this language: "Delivered and used in the building above described between April 20, 1893, and July 19, 1893."

The affidavit accompanying the claim of lien also recites (among other things) "that said demand accrued within four months prior to the filing of this lien."

The judgment of the Kansas City appellate court was rendered in this cause in 1895, after the opinion of the second division of the supreme court in *McDermott v. Claas* (1891) 104 Mo. 14 (15 S. W. Rep. 995), but prior to the decision of the first division in *Ittner v. Hughes* (1896) 133 Mo. 679 (34 S. W. Rep. 1110) both of which cases dealt with the subject now presented. The former case, however, seems not to have been called to the notice of the court of appeals in the proceedings there. We might, perhaps, properly dispose of the first objection by a reference to the rulings cited. But the respect we entertain for the views of our learned brethren of the courts whose opinions are now brought under review moves us to add a few observations.

It is argued that in the absence of dates a list of items of materials, used in the erection of a building, is not "a just and true account," as intended by the mechanics lien act. A just and true account of the demand, claimed as a lien, is positively required, subject to some qualifications (section 6715) not material

to this case. R. S. 1889, sec. 6709. The same language (as to the sort of account to be filed to obtain a lien) applies, however, equally to original contractors, subcontractors and all other persons authorized to file lien claims.

· In *Mc Williams v. Allan* (1870) 45 Mo. 573, an account was defined to be a "detailed statement of mutual demands in the matter of debt and credit between parties, arising out of contract, or some fiduciary relation." It was held then that a mere statement of a balance due was not good as a lien account, even between the first contractor and owner. But that case must be considered greatly limited, if not in effect overruled, by *Hilliker v. Francisco* (1877) 65 Mo. 598, in which the statement of a single charge of $7,790, based on the contract of a subcontractor (who furnished stone, together with the labor of setting the same) was held valid, as a lien claim against the landowner. The definition of an account in the *Mc Williams* case is certainly incorrect if it implies that every statement outside the terms of that definition is not an account. Though, no doubt, any statement within those terms would be an account, in the sense of the law now before us.

In *Coe v. Ritter* (1885) 86 Mo. 286, it was said that a just and true account is expected to contain "all the various items and dates that go to make it up, for this is the accustomed meaning of the words." But in that case the paper before the court did contain dates "ranging from September 2 to September 16, 1873." So the question now before us was not then involved, and was not decided.

We find the following among recognized definitions of an account:

"A reckoning of money or business; a statement or record of financial or pecuniary transactions, with

their debts and credits, or of money received and paid and the balance on hand or due." Century Dictionary (1889).

"A registry of pecuniary transactions; a written or printed statement of business dealings or debts and credits, and also of other things subjected to a reckoning or review." Webster, International Dictionary (1892).

Some law dictionaries sustain those general definitions. Anderson (1889) "*Account.*" Abbott (1879) "*Account.*" But the meaning of the word is quite varied, according to the shading indicated by the context. In *Rensselaer Glass Factory v. Reid* (1825) 5 Cowan, 593, it was said, "an account is no more than a list or catalogue of items, whether of debts or credits." But even that remark may not be broad enough to include every statement entitled to be viewed as an account, since one item has been held in this state to be a sufficient "account" within the meaning of the lien law. *Hilliker v. Francisco* (1877) 65 Mo. 598.

The account which this law contemplates is such a statement of the claim as fairly apprises the owner and the public of the nature and amount of the demand asserted as a lien. The account may consist of one or more items. It may be all on one side, or mutual in its showing. To be valid, however, it must disclose on its face that the demand is of a sort within the terms of the lien law. The affidavit required to verify the account may be considered along with the account itself in ascertaining the sufficiency of the latter.

In the case at bar it is stated affirmatively in the lien paper that the account accrued within four months before the lien was filed, and that the items of material were supplied between named dates. The lien was filed November 18, 1893. It is fairly to be inferred,

from those facts, that the last item of account must have been furnished at least as late as July 18 of that year. That excludes the inference that the account closed at a date too early to give a lien. The showing of time is thus clear enough for the purpose of a lien claim. *Seaman v. Paddock* (1892) 51 Mo. App. 465.

But it does not necessarily follow that such an account would be held sufficient as a pleading, when it comes to enforcing the lien by an action, if any of the defendants demand a more specific statement. Though we do not say it would be bad in a pleading, for that point is not before us on this appeal.

The pleadings in such cases are governed by the general code of practice, except in those particulars covered by the lien law. And the owner or contractor, as defendants, may require such definiteness of statement in an action of this kind as the code demands in other actions to collect accounts. R. S. 1889, secs. 2075, 2057.

The lien claim is not itself a pleading, under our law. *McMurray v. Taylor* (1860) 30 Mo. 263. All that is required therein is a substantial compliance with the statute declaring what that claim shall contain. *Grace v. Nesbitt* (1892) 109 Mo. 9 (18 S. W. Rep. 1118). The law intended to extend its benefits to laborers and all sorts of mechanics and materialmen who came within its protecting language. Of such it would be unreasonable to expect such an accurate and careful statement of account as might be required of an attorney in bringing an action. *Bayer v. Reeside* (1850) 14 Penn. St. 167. If the claim comes into court, it is then time enough to require all the particulars that may be necessary to maintain or defend the action.

The source of the word "account" as well as its popular import and the construction heretofore put

upon it by courts in Missouri all indicate that a statement such as is here in question should be accepted as within the legal meaning of that term.

We regard sections 6707 and 6711 (R. S. 1889) as containing no more emphatic demands for dates, applicable to items of a lien statement, than does the requirement in section 6709 of a "just and true account."

Viewing the law as a whole we think the lien claim filed in this case should have been held sufficient, and should have been admitted in evidence. It was error, therefore, to exclude it.

2. There was an objection in the trial court to the lien paper on the ground that there is a so-called "lumping charge" in it. That objection is not well founded. It does not appear that any item included in that charge represents anything that may not properly be made the subject of a lien under our law. If the contract of the subcontractor was to supply for the building a certain group of articles, for a certain price, there is no valid objection to his reciting those articles and then stating that one price in his claim, as was done in the case at bar. *Grace v. Nesbitt* (1892) 109 Mo. 9(18 S. W. Rep. 1118); *Deardorff v. Roy* (1892) 50 Mo. App. 70; *Sosman v. Conlon* (1894) 57 Mo. App. 25. That price is prima facie the reasonable value of the articles. *Hilliker v. Francisco* (1877) 65 Mo. 598. But if that value be challenged as unreasonable, in an action to enforce the lien, the subcontractor can maintain his lien (under section 6705) only for the fair and reasonable value of the labor or materials actually furnished to the building.

The judgment is reversed and the cause remanded to the Kansas City court of appeals with directions to reverse and remand for a new trial. MACFARLANE, ROBINSON and BRACE, JJ., concur.