McCARTHY LUMBER & CONSTRUCTION COMPANY, a Corporation, Respondent, v. LEE F. KINDER and EVA KINDER, his wife, ST. FRANCOIS COUNTY BUILDING & LOAN ASSOCIATION, a Corporation, and OSCAR L. HAILE, Appellants.

St. Louis Court of Appeals. Opinion Filed November 3, 1920.

1. **MECHANICS' LIENS: Lien Statement: Lumping Contract Price: Sufficiency.** Where a mechanics' lien statement is as definite as the contract under which labor and materials were furnished, it is sufficient, and a lumping price having been agreed upon, no other price could have been specified so that the account would have been a just and true one.

2. ———: ———: ———: **Original Contractor's Statement of Account: Detail of Items Not Required.** Where a lien is filed by the

McCarthy Lbr. & Const. Co. v. Kinder et al.

original contractor who has specifically agreed with the owner to erect a building in accordance with plans and specifications for a certain price, and the lien statement is as definite as the contract, a detailed statement of the items of material and labor that entered into the improvement is not required, as the owner knew what he bargained for when he agreed on the price and need not be apprised of the basis of the charge by an enumeration of the items of material that went into the construction or improvements as agreed upon.

3. ———: ———: Apprising Owner and Public of Nature and Amount of Lien Sufficient. A mechanics' lien statement which fairly apprised the owner and the public of the nature and amount of the demand asserted as a lien, is sufficient.

4. ———: Lienable Items: Articles to be made Part of Building Lienable. Where items in the lien account were for bookcases, skirt box and table, and were built especially to fit particular places in the building and made especially for that purpose and were furnished like other wood-work, and it was the owner's intention that these articles be made a part of the building, then they are lienable.

5. ———: ———: ———: Fixtures. The statutes relating to mechanics' lien clearly intend that it shall extend to whatever is a fixture under the broader rule applicable between heir and personal representative, vendor and vendee, mortgagor and mortgagee, rather than those things which a tenant may remove at the end of his term, and where there is a real or constructive annexation of the article to the realty and such article is adapted to the use or purpose of the realty with which it is connected, and it is the intention of the party making the annexation that the chattel shall become a permanent accession to the freehold, then such would be a part thereof within the mechanics' lien laws.

6. APPELLATE PRACTICE: Evidence: Conflicting: Finding of Trial Court Conclusion. Where there is a conflict in the testimony the question became one of fact for the court sitting as a jury, to determine; and when such fact is found adversely to appellant, and there is substantial testimony to sustain it, the appellate court is without authority to interfere.

7. MECHANICS' LIENS: Lienable Items: Extras: Added as Part of Original Contract: Properly Included in Lien Account. Items which were added as extras, if they were added as a part of the original contract, then such items were properly included in the lien account.

Appeal from the Circuit Court of St. Francois County.—
*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*Jerry B. Burks* for appellants.

(1) (a) The first two items of the lien account were
insufficient as the basis for a lien, and the court therefore
erred in refusing defendants' Instructions 1 and 2. Even
in cases of lump contracts the items must in some manner
specify or identify the material and labor used, then to
this may be added the contract price. So held in the fol-
lowing cases: Rude v. Mitchell, 97 Mo. 365 at 372-4;
Bruns v. Capstick, 46 Mo. App. 397, 401-2; Baker v.
Smallwood, 161 Mo. App. 257, 259; Mitchell Planing Mill
Co. v. Allison, 138 Mo. 50, 58; Smith v. Haley, 41 Mo. App.
611, 620; McMillan & Parker v. Ball & Gunning Mill Co.
190 Mo. App. 340, 350; Martin-Welch Hardware Co. v.
Spencer, 214 S. W. 417; Grace v. Nesbitt, 109 Mo. 16–19.
(b) Even the case of Hilliker v. Francisco et al., 65 Mo.
598, the reasoning of which is somewhat impaired under
later decisions, is not sufficient to save these two above
mentioned items of the lien account from the rule that
the items must designate the kind of material used. In that
case the contract designates the material as stone. In the
case at bar, no material is designated. (2) The rule re-
quiring the items of the lien account to be set forth so as to
show them lienable, with equal force to original con-
tractors. Rude v. Mitchell, 97 Mo. 374; Mitchell, Plan-
ing Mill Co. v. Allison, 138 Mo. 54, 55. (3) The items of
the lien account for table, skirt box, bookcases, water
front for stove and express charges were not lienable,
and so known to plaintiff at the time it filed the lien ac-
count. The evasive answers and artful dodging of
witness McCarthy, for plaintiff, demonstrates this fact.
This vitiates the entire lien account. Carthage Sup.

206 M. A.—19

Lime-stone Co. v. Central Meth. Church, 156 Mo. App. 672; Dougherty & Moss L. Co. v. Rothbaum, 156 Mo. App' 251; Kittrick v. Hopkins, 114 Mo. App. 436. The items aforesaid not being lienable, the court erred in refusing to give defndants' Instructious 3 and 4. (4) The lien account was not filed within six months after the accrual of same. The last item of the account was for extras and was an independent contract, and will not toll the statute, and the court erred in refusing Instruction 5, requested by defendants. Kern v. Paff, 44 Mo. App. 35; Grace v. Nesbit, 109 Mo. 16. (5) (a) The court erred in admitting in evidence the first two items of the lien account, over the objections and exceptions of defendants. See cases under points 1 and 2. (b) And the court erred in permitting plaintiff to introduce evidence touching the solvency of the bond entered into between defendants, Kinder, and building and loan association, for the reason these matters were wholly irrelevant to the matters at issue. (6) The court erred in refusing to give Instruction 6, requested by defendants. The evidence on the part of defendants shows that plaintiff was to take a second deed of trust for the deferred payments. This was a waiver of the lien, and it was error for the court to disregard this theory of the case. Baumhoff v. St. L. & K. T. Ry. Co., 171 Mo. 129. (7) The court erred in refusing to give Instruction 7, requested by defendants. Schulenberg v. Hayden, 146 Mo. 594. (8) The petition in this case seeks to recover on express contract and also on *quantum meruit* for extras, in one and the same count. This was wrong and the court erred in overruling defendants' objections to the introduction of evidence under said petition. Grace v. Nesbit, 109 Mo. 15; Bruns v. Capstick, 46 Mo. App. 398; Hoagland v. Railway, 39 Mo. 458.

*J. P. Cayce* for respondent.

(1) Where the work was done or the materials furnished under an entire contract to do or furnish the same for a gross sum, it is not necessary that the claimant in

his lien statement itemized his account. Mechanics' Liens, 27 Cyc, 188; National Press Brick Co. v. Lester Construction Co., 177 Mo. App. 573; Busso v. Fette, 55 Mo. App. 453; Hilliker v. Francisco, 65 Mo. 598; Holland v. Cundiff, 96 Mo. App. 1. c. 80; Mitchell Plaining Mill Co. v. Allison, 138 Mo. 50; Marshall v. Hall, 200 S. W. 774. (2) Where the design of a house calls for a combination of articles with the realty in a harmonious scheme, the articles will be deemed part of the realty although not actually annexed. Fixtures—19 Cyc, 1037 and 1048; Mechanics' Liens, 27 Cyc, 37 and 38; Reilly v. Hudson, 62 Mo. 383 (this was a mechanic's lien for "an ordinary cooking range"). (3) A mechanic does not waive his statutory lien by an agreement to accept other things than money in payment for the work done or materials furnished, unless that agreement is performed by making payment under the terms of the contract. Baumhoff v. Railroad Co., 171 Mo. 120; Globe Light & Heat Co. v. Doud, 47 Mo. App. 439. (4) The mechanic's lien is entitled to priorty over the deed of trust, as to all of the items in the lien account. Sec. 8219, R. S. 1909; Fire Extinguisher Co. v. Elevator Co., 165 Mo. 171; Dubois' Admr. v. Wilson's Trustee, 21 Mo. 213; Hydraulic Press Brick Co. v. Bormans, 19 Mo. App. 664; Great Western Planing Mill v. Bormans, 19 Mo. App. 671. When work or material is done or furnished, all going to the same general purpose, or as parts of a general improvement of the property, though such work be done or ordered at different times, yet as the several parts form an entire whole, or are so connected together as to show that the parties had it in contemplation that the whole should form but one and not distinct matters of settlement, the whole account must be considered as a unit, or as being a single contract, and may be included in one lien account. Bruns v. Braun, 35 Mo. App. 344; Flanagan Bros. v. O'Connell, 88 Mo. App. 8; Kearney v. Wurdeman, 33 Mo. App. 447; Pulliss v. Hoffmann, 28 Mo. App. 671. "It is permissible to embrace in an account filed as a lien items for work on the same building under

different contracts with the owner." Kern v. Praff, 44 Mo. App. 29, 35; Page v. Bettes, 17 Mo. App. 375.

NIPPER, C.—This is an action brought by an original contractor to recover the sum of $960.19, as a balance due and alleged to be owing by defendants Lee F. Kinder and Eva Kinder to plaintiff for material and labor furnished in the erection of a dwelling and improvements made in connection therewith, and to establish a lien on the building and lot on which it was located. After trial by the court without the aid of a jury, plaintiff recovered in the court below and defendants prosecute their appeal.

Defendants objected to the introduction of any testimony in the court below, for the reason that the petition failed to state any cause of action, and that it had embraced in one and the same count matters of express contract and *quantum meruit*. The court overruled this objection.

It was then admitted that defendants owned the property; that they acquired title on November 14, 1915; that on the 24th of January, 1916, they executed to the defendant building and loan association, a deed of trust in the sum of $2,600, which was recorded on the 5th of February following.

Defendants then objected to the introduction of the lien account, for the reason that it was not a true account within the meaning of the mechanics' lien statute, because the first two items set out in the account do not state the nature of the work done, or material furnished, or items thereof. This objection the court overruled.

It was then admitted that the said lien account, duly verified, was filed in the office of the clerk of the circuit court, October 16, 1916, and that the items are set out and stated in the same form as set forth in the petition.

John W. McCarthy, who it seems was connected with plaintiff in some official capacity (although the evi-

dence does not disclose in what way), testified that he entered into a contract with defendant Lee F. Kinder during the latter part of October or the first of November 1915, to erect a building on the lot of ground as set out in the petition, located in the City of Farmington, for the sum of $2,376; that he submitted several plans and specifications to defendant before he accepted any particular plan. He states that after defendant had made his selection and had approved the plan submitted, he submitted to defendant the following proposition in writing, which was offered in evidence:

"Oct. 15, 1915.

"Prof. L. F. Kinder,

Farmington, Mo.

"Dear Sir:

"We propose to furnish all labor and all the material required for the erection & completion of your 1 story bungalow dwelling in accordance with the plans and specifications that we have prepared for the same, for the sum of $2,480.

"It is understood that you wish to omit the brick fire place from this building, consequently we will deduct the sum. of $104 for this omission, making our net contract $2,376.

"It is understood and agreed between us that during the construction of this building we are to receive as first payment on the work a building and loan certificate amounting to $2,400, and that we are to place this certificate with the Bank making us the best proposition on discounting the same for cash and the amount of this discount together with the amount of some additional work that you wish done in and on your residence, which is not provided for in our agreement, is to be carried by us, you giving as security for the same a second deed of trust on this property.

"We thank you very much for this contract and expect to begin active operations on the work and hope

we may be able to turn it over to you by New Year's Day next.

Very truly yours,''

That this however did not contain or embrace all the contract. McCarthy says it was further agreed between them at that time that there were to be some extras and that they made an approximate estimate of their cost; that at the time the contract for the erection of the building was closed he agreed with defendant Lee F. Kinder that, if he performed his part of the contract by giving plaintiff the building and loan certificate for $2,400, plaintiff would take a second deed of trust for the remainder, which he says was to be $250 or $300. Defendants' contention is that the extras were furnished under a separate contract and not as a part of the original contract; and Lee F. Kinder testified that he never agreed to give plaintiff a building and loan certificate for any greater amount than $1,800, and that plaintiff was to take a second deed of trust for the remainder.

Defendants contend that the court erred in refusing certain instructions offered by defendants, as well as in admitting certain items and declaring same lienable. The first two items to which objection is made, and as set out in the lien account are as follows:

"Oct. 15, 1915,—To contract for erection of residence as agreed including the omission of fire-place, flue and foundation for same ...................... $2,376.00

"Oct. 25, 1915,—To enlarging basement as agreed .................................... 64.00''

Defendants object to these items on the ground that such an account is not a true and correct account as required by statute, because not sufficiently itemized.

By reference to the terms of the contract it will be noted that the statement is as definite as the contract, and a lien statement which is as definite as the contract under which it is furnished is sufficient, and if a lumping price was agreed upon no other price could have been specified, so that the account would have been a just and true one. [Grace v. Nesbitt, 109 Mo. 9, 18 S. W. 1118.]

Defendants contend however that even though the price could be a lump price, yet the items going to make up the whole for which the lump sum is charged, should be set out. But this court held, in Mahan v. Brinnell, 94 Mo. App. 165, 67 S. W. 930, that when the lien is filed by the original contractor, who has specifically agreed with the owner to do the job for a certain price, a detailed statement of the items of material and labor that entered into the improvement is not required, as the owner knew what he bargained for when he agreed on the price, and need not be apprised of the basis of the charge by an enumeration of the items of material that went into the construction or improvements as agreed upon, and we have found no decision in this State holding to the contrary where the matter was before the court upon this identical proposition.

Defendant Kinder presumably knew what he was contracting for when he agreed to pay a specified price for the erection of a specified building; and where the contract as here was to erect a bungalow dwelling in accordance with plans and specifications for a particular sum, then the statement is as definite as the contract, and we think that under the particular facts in this case these items are sufficient. [Mahan v. Brinnell, supra; Hilliker v. Francisco, 65 Mo. 598; Mitchell Planing-Mill Co. v. Allison, 138 Mo. 50, 40 S. W. 118.]

In Mitchell Planing-Mill Co. v. Allison, supra, 1. c. 57, our Supreme Court, speaking of lien accounts, has this to say:

"The law intended to extend its benefits to laborers and all sorts of mechanics and materialmen who came within its protecting language. Of such it would be unreasonable to expect such an accurate and careful statement of account as might be required of an attorney in bringing an action. [Bayer v. Reeside (1850), 14 Penn. St. 167.]"

We think this account was such a statement of the

claim as fairly apprised the owner and the public of the nature and amount of the demand asserted as a lien, and if it was such then it was sufficient. [Mitchell Planing-Mill Co. v. Allison, supra, l. c. 56.]

It is next urged that the items in the lien account for the book-cases, skirt-box and table, for which a charge of $44.50 is made in the statement, are not such items as would be lienable.

McCarthy testified that the book-cases were built to fit a particular space in the building, and that the base was built around the cases, fastening them to the wall; that the skirt-box was built to fit along four French windows to take up a particular space; and that the table mentioned was built to fit over the top of the sink, and made especially for that particular purpose, and that all these articles were finished like the other woodwork. Now if this be true, and it was defendants' intention that these articles be made part of this particular building, then they may be held to be lienable.

In St. Louis Radiator Mfg. Co. v. Carroll, 72 Mo. App. l. c. 319, it is said:

"Fixtures are chattels personal which may become a part of the freehold by the manner, purpose and intention with which they are affixed to the realty or some thing appertaining thereto.     There is an essential distinction between such things as are deemed fixtures between heir and personal representative, vendor and vendee, mortgagor and mortgagee, and those things which a tenant may remove at the end of his term.     The statutes relating to mechanics' lien clearly intend that it shall extend to whatever is a fixture under the broader rule applicable to the former class."

Where there is a real or constructive annexation of the article to the realty, and such article is adapted to the use or purpose of the realty with which it is connected, and it is the intention of the party making the annexation that the chattel shall become a permanent accession to the freehold, then such would be a part

OCTOBER TERM, 1920.    297

McCarthy Lbr. & Const. Co. v. Kinder et al.

thereof.    [Ottumwa Iron Works v. Muir, 126 Mo. App. 582, 105 S. W. 29; Crane Co. v. Real Estate Co., 121 Mo. App. 209, 98 S. W. 795 and authorities cited.]

It is next contended by appellant that as all of the items were not embraced in the original contract, the action was not brought in time.    The testimony offered on the part of plaintiff was that at the time of the original contract these extras were included.    Defendant Kinder says they were not.    It was therefore a question of fact for the court, sitting as a jury, to determine; and when such fact is found adversely to appellant, and there is substantial testimony to sustain it, we are without authority to interfere.    And even though the last mentioned items complained of were extras, if they were added as a part of the original contract, then such items were properly included in the lien account.    See dissenting opinion of ROBERTSON P. J., in McMillan & Parker v. Ball & Gunning Milling Co., 190 Mo. App. 352, 177 S. W. 315; also the same case in 275 Mo. page 1.

Complaint is also made of the court's failure to give certain instructions asked by defendants at the close of the case, but we find no reversible error in the court's failure to give such instructions.

After a careful consideration of the points involved in this controversy, we are of the opinion that none of the alleged errors urged by appellant are sufficient grounds for reversal.

The Commissioner recommends that the judgment be affirmed.


PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court.    The judgment of the circuit court is accordingly affirmed.    *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.