WEIS RIDGE, Respondent, v. MERCANTILE LOAN AND TRUST COMPANY, Appellants.

Kansas City Court of Appeals, January 29, 1894.

1. **Mechanics' Lien:** CREDIT TO WHOM. The fact that the material' man looks to the contractor in the first instance for pay, will not. defeat his lien, if he ultimately relies upon the building, if the con-tractor fails to pay in due time.

2. ———: ACCOUNT WITH CONTRACTOR. The fact that the material man kept a general account with the contractor and made up his lien account from his general account by selecting therefrom the items that went to the building in controversy, will not invalidate the lien account if it is otherwise a just and true account.

3. ———: APPLICATION OF PAYMENT. The fact that the contractor paid the material man $50 without any directions as to its application and the latter credited a portion on the account in suit and the balance on other accounts is not a valid objection.

4. ———: PARTIAL SETTLEMENT. The contractor in adjustment of an individual matter with one of the partners' material men settled certain items of the account for the material in question, and in making out the lien account such items were omitted. *Held*, the lien was not affected by the omission.

*Appeal from the Jackson Circuit Court.*—HON. R. L. YEAGER, Special Judge.

AFFIRMED.

*Porterfield & Pence* for appellant.

(1) The mechanics' lien law contemplates that the account filed with the lien, should show all the debit and credit items of the account affecting the premises on which the lien is asked. *McWilliams v. Allen*, 45 Mo. 573; *Oster et al. v. Rabeneau*, 46 Mo. 599; *Graves v. Pierce*, 53 Mo. 428; *Rude v. Mitchell*, 97 Mo. 373; *Dooley v. Barker*, 2 Mo. App. 327; *Lowis v. Cutter*, 6 Mo. App. 57; *Schulenburg v. Vrooman*, 7 Mo. App. 136,137; *Roethlisberger et al. v. Caspari*, 12 Mo. App. 515; *Burrough v. White et al.*, 18 Mo. App. 235; *Uthoff v. Gerhard*, 42 Mo. App. 259, 260; *Schroeder v. Mueller*, 33 Mo. App. 33; *Coe v. Ritter*, 86 Mo. 286,287; *Heinrich v. Gymnastic Society*, 8 Mo. App. 587. (2) Plaintiffs did not preserve the unity of their lien claim against this particular property, but confused the items which they claim were used in the construction of this house with other charges against defendant Watson,

which had nothing to do with the property in contro-
versy. *Schulenburg et al. v. Robison*, 5 Mo. App. 561;
*Hayden et al. v. Logan et al.*, 9 Mo. App. 484; *Hannon
v. Gibson*, 14 Mo. App. 37; *Rand v. Grubbs*, 26 Mo.
App. 594; *Uthoff v. Gerhard*, 42 Mo. App. 259; *Reitz
v. Ghio*, 47 Mo. App. 289.   (3) That the plaintiffs did
not sell the materials on the faith and credit of the
real estate and improvements in question. *Rand v.
Grubbs*, 26 Mo. App. 591; *Henry v. Rice*, 18 Mo. App.
511; *Hause v. Thompson*, 36 Mo. 450; *Hause v. Carroll*,
37 Mo. 578; Phillips on Mechanics' Liens [2 Ed.], sec.
18.

*Deatherage & Young* for respondents.

(1) Nor did the fact that plaintiffs had furnished
more materials than those charged in account filed, and
for which a settlement had been made and the same
paid for, invalidate the account. *McLaughlin v.
Schawacker*, 31 Mo. App. 365; *Schulenberg v. Strimple*,
33 App. 154.   (2) Appellant contends that because the
plaintiffs who sold materials to defendant for use in the
construction of other houses as well as the one on
which this lien is sought to be enforced, and kept only
one general account on their books of all such items,
that the plaintiffs thereby lost their right to a lien for
the materials furnished for the building charged with
this lien.   In support of this proposition they cite
*Schulenberg v. Robison*, 5 Mo. App. 561.   The facts in
that case are so far at variance with the facts here that
we cannot see any resemblance between the two, nor
that that case can be deemed an authority on this point.
(3) The last point raised by appellant is, that the
plaintiffs did not sell the materials on the faith and
credit of the building.   The declaration of law given
by the court in behalf of plaintiffs contained a

provision that the court should believe and find from the evidence that the materials were furnished on the credit of the building, and the court so found. If there was any evidence whatever to support such finding, it will be sustained. *Gentry v. Templeton*, 47 Mo. App. 546, and other cases heretofore cited on this point.

ELLISON, J.—This is an action to enforce a mechanic's lien on property of defendant, Watson, who bought the material of plaintiffs. Defendant, Mercantile Loan and Trust Company, are interested in the building by reason of being the beneficiaries in a deed of trust thereon. The judgment was for plaintiffs against Watson for the debt and that the lien be enforced against the property. The Mercantile Company alone appeals.

A consideration of defendant's contentions on this appeal has satisfied us that they are not sound.

The lien paper itself was in proper form and was properly admitted and considered in evidence unless, its sufficiency was impaired or destroyed by other facts appearing in evidence.

It appears that plaintiffs, or one of them, testified that in selling the material they looked to defendant, Watson, in the first instance for payment, but that if they could not get their money from him they would rely upon the building. We think this does not show that the material was sold without reliance upon the building. The testimony amounts to no more than that the plaintiffs expected to be paid for their material, but that if they were not, in due time, they would enforce a lien against the building. This is, doubtless, the expectation ordinarily entertained by material men.

It seems that plaintiffs had on their books a general account against defendant, Watson, in which

account there was charged the items of material which went into the building in controversy as well as items that went into other buildings; and that in drawing off the account in suit they did so by selecting from the general account on their books the particular items of material which were purchased for, and which went into, this building. This mode of bookkeeping is not sufficient to invalidate the account where it otherwise appears that the account, as presented for enforcement as a lien, is just and true. On an issue whether the account is correct, just and true, such mode of book-keeping might be a proper circumstance to be considered in determining the issue. The law is not concerned as to how a material man shall keep his account, or, indeed, whether he enters one on books at all. The law is satisfied if a proper and correct account is in fact presented for enforcement as a lien.

There was a payment made by Watson of $50, which was without direction as to how it should be applied and distributed as a credit on the whole account against him; $16.83 being applied to the account in suit. To this we can see no valid objection.

It appears that material which went into the building in controversy amounted to between $135 and $150. That the total amount of the account as now sued on is $104.23, credited by a total of $24.13, leaving a balance claimed of $80.10. This shows, and so it was testified to at the trial, that there were items of material furnished which do not now appear in the account. In other words, the account as presented does not show all the items which might have been included. But it further more appears that the reason such items do not appear is for the reason that they are balanced (as defendant alleges) by credits which likewise do not appear. This, it is contended by

defendant, shows the account not to be just and true and invalidates the lien. We will not discuss the contention as it is made by defendant, since such contention is not fairly borne out by the fact, at least as we must consider the facts after the finding of the trial court. It appears that defendant, Watson, had an individual transaction with Ridge, one of the plaintiffs. That Ridge was indebted to him and that in their settlement the omitted items in this account were settled; that is, Ridge, in effect, settled what he was owing Watson, or a part of it, by allowing it with Watson's consent to go in settlement of certain items of this account, which were, in consequence, omitted from it when it was drawn up for the purpose of presenting as a lien. The partnership has ratified this individual transaction of one of the partners, and, since it amounts to a settlement of a certain portion of the account, as it stood originally, it thenceforth eliminated that portion.

An examination of other objections satisfies us that nothing has occurred at the trial which would justify our interference. Affirmed. All concur.