M. F. MAHAN, Respondent, v. C. J. BRINNELL et al., Appellants.

St. Louis Court of Appeals, April 15, 1902.

1. **Mechanic's Lien:** JUSTICES' COURT: STATEMENT: ACCOUNT. Where the statement before the justice of the peace contains the items as particularly specified as they are in the lien statement, that dispenses with the filing of a separate account which could only have been a duplicate of the items in the statement.

2. ————: ————: ————: ORIGINAL CONTRACTOR'S STATEMENT OF ACCOUNT. When the lien is filed by the original contractor, who has specially agreed with the owner to do the job for a certain price, a detailed statement of the items of material and labor that entered into the improvement is not required.

3. ————: ————: ————: SUBCONTRACTOR'S STATEMENT OF ACCOUNT. And in Hilliker v. Francisco, 65 Mo. 598, this rule was applied when the lien was filed by a subcontractor and the account was more general than in the case at bar.

4. **Pleading:** ADMISSIONS IN ANSWER COMPETENT EVIDENCE. An answer, although abandoned by defendant, may be received in evidence as an admission against interest (Walser v. Wear, 141 Mo. 443).

Appeal from Barry Circuit Court.—*Hon. Henry C. Pepper,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

This action originated before a justice of the peace and was brought to enforce a lien for labor and material against a house and lot in the town of Monett, owned by the Commercial Bank. Brinnell was the original contractor and he let the contract for the plumbing and heating apparatus to Mahan. The statement filed in the magistrate's court contained two counts, one for the plumbing and the other for the heating material and work.

The first count which related to the plumbing, was as follows:

"Plaintiff for cause of action states that on the . . . day of August, 1899, he entered into a contract with defendant C. J. Brinnell, to furnish all material for and do all the plumbing work in the building hereinafter described, according to plans and specifications for the price and sum of two hundred and eighty-five dollars. That plaintiff performed said contract on his part and furnished material consisting of three water-closet outfits, three marble slab washbasins, one white enameled sink, and also all faucets, drainpipes and all other necessary pipes and fixtures, necessary to complete said contract to the amount of $215.68 worth, and performed work and labor on said contract to the amount of $69.52. That defendant C. J. Brinnell had paid on said contract the sum of $129.44 cash, and by note in Commercial Bank $86.24, leav-

ing a balance due plaintiff on said contract of $69.32.    That said materials were furnished for and used in, and said work and labor was furnished for and done on and used in the construction of a certain three-story stone and brick building, situated on the following described lot of ground, to-wit: Lot No. 1 in block No. 10 in the Monett Town Company's townsite of Monett, Missouri, now city of Monett, in Barry county, Missouri.    That said property was at the dates of furnishing of said materials and doing of said work, and now is the property of the defendant, the Commercial Bank of Monett, a corporation, and that said C. J. Brinnell was the original contractor with the said Commercial Bank of Monett for the erection of said building.    That said demand became due on the fifteenth day of January, 1900, and within four months thereafter, to-wit: on the tenth day of April, 1900, plaintiff filed said account in the office of the clerk of the circuit court within and for the county of Barry, duly verified by affidavit, giving a description of the property to be charged with the lien, stating the amount due after all just credits had been given and describing the said Commercial Bank and C. J. Brinnell as owner and contractor, respectively.    That more than ten days prior to the filing of said account, to-wit: on the twentieth day of March, 1900, plaintiff gave the said Commercial Bank notice in writing that he held a claim against said building, stating therein the amount claimed, and that the same was due from said C. J. Brinnell.    That on the eleventh day of April, 1900, plaintiff filed a notice with the clerk of the circuit court of said county, stating that on the twelfth day of April, 1900, this action would be instituted before Walt Williams, a justice of the peace of Monett township, Barry county, for the recovery of the above indebtedness and the enforcement of the same as a lien against the property hereinbefore described.

"Wherefore plaintiff demands judgment for the sum of sixty-nine and thirty-two one-hundredths dollars, with interest

thereon from the fifteenth day of January aforesaid, and that the same may be declared a lien against the property above described and for costs."

To the foregoing count the bank filed the following answer:

"The defendant, the Commercial Bank of Monett, for answer to first count of plaintiff's petition, admits all the allegations as to contract with Brinnell for plumbing and price of same; also admits that plaintiff was subcontractor to do the work; defendant further answering says that the credits, as allowed, are correct, except as hereinafter mentioned. First. This defendant has given a credit of $28.50 on said note of $86.24, which credit taken from said note leaves a balance of $62.72, which amount should be allowed on account of this defendant with plaintiff. Second. This plaintiff, on the —— day of —— gave to one George Cope an order for $27 on C. J. Brinnell, co-defendant in this cause; that no part of this order has been paid and is still outstanding against these defendants, therefore should be allowed on defendant's account with plaintiff. Which, with other credits makes a total of $219.18 leaving a balance due plaintiff on plumbing contract of $65.84."

*William Maher* for appellants.

(1) In order to give the justice of the peace jurisdiction of the subject-matter of the suit, it was necessary to file with the petition an itemized statement of the account. Bailey v. Cook, 8 Mo. App. 565. (2) The lien account is not sufficiently itemized, and is fatally defective. Cahill, Collins & Co. v. Orphan School, 63 Mo. App. 28. Reed v. Mitchell, 97 Mo. 373; Grace v. Nesbitt, 109 Mo. 9; Planing Mill Co. v. Allison, 71 Mo. App. 251. (3) It was incumbent on plaintiff to prove the reasonable value of the materials and labor for which a lien is sought in this action.

*John T. Burgess* for respondent.

(1)    The justice of the peace had jurisdiction of the subject-matter of the suit.    The statement filed declared on a special contract and stated every fact necessary and under the facts could not have been more specific.    Sec. 3893, R. S. 1899; McDemott v. Claas, 104 Mo. 19; Sanderson v. Fleming, 37 Mo. App. 595.    (2)    The lien account being for a specific contract and for a specific amount under the facts, could not be more definite and no other price could be named; and the lien account is therefore sufficient although it embraces two separate contracts.    Grace v. Nesbitt, 109 Mo. 9; Planing Mill Co. v. Allison, 138 Mo. 50.    The last named case overrules 71 Mo. App. 251, cited by appellant.    Hilliker v. Francisco, 65 Mo. 599; Busso v. Fette, 55 Mo. App. 453; Abbott v. Hood, 60 Mo. App. 196.    (3)    The answer of appellants to first count of plaintiff's petition was properly admitted by the court as an admission that plaintiff did the work, that appellant knew he was doing it, and that the price charged was reasonable.    Bailey v. O'Bannon, 28 Mo. App. 39; Anderson v. McPike, 86 Mo. 293; Corley v. McKeag, 57 Mo. App. 415.

GOODE, J.—1.    One assignment of error is that it was not shown that an itemized account of the labor and material was filed with the justice, who was, therefore, without jurisdiction or authority to issue process.    But the statement before the justice contained the items as particularly specified as they are in the lien statement and that dispensed with the filing of a separate account, which could only have been a duplicate of the items in the statement.

2.    As the instructions passed on by the circuit court were lost, no point is made in respect to them and all that remains to be considered are the errors claimed to have been committed in the admission of evidence, the first of which

relates to the lien account. The ground of this assignment. is that the account was insufficiently itemized and should have been excluded. An inspection of it shows that after setting out the contract with Brinnell, the description of the property, and other formal but necessary matters, the lien statement gives the facts about the plumbing work as follows:

"Also C. J. Brinnell is further indebted to M. F. Mahan· in the sum of two hundred and eighty-five dollars, the contract price for all material and work used in the plumbing of said above described building. The cost of the material· used in the plumbing of said building was $216.68, and the cost of the work and labor in placing the material in said building was and is $69.52, the total amount of contract price being $285. That said plumbing and work was all done· between the fifteenth day of September, 1899, and the fifteenth day of January, 1900. The material used in said building consisted of the kinds of material specified in the specifications for said building as follows: Three water-closet outfits, three marble slab washbasins, one white enamel sink and also all faucets, drainpipes and all other necessary pipes and fixtures necessary to comply with said specifications, the contract price for doing the work and furnishing all the material being $285, of which there had been paid on the same in cash $129.44, and by note in Commercial Bank $86.24. Total credits $215.68. Balance due on said contract $69.32.

"That all of the above work and materials were used in said building. That the total amount now due said M. F. Mahan on account of setting up the hot-water heater in said building and all extra work thereon and on account of the plumbing contract as aforesaid is $125.62."

Mahan did his work under a contract with Brinnell, the original contractor, for a round sum for the entire plumbing job, and the law is not altogether clear as to what particularity of statement in the lien account the owner of the property may demand in such cases. When the lien is filed by the

original contractor, who has specially agreed with the owner to do the job for a certain price, it seems a detailed statement of the items of material and labor that entered into the improvement is not required; presumably because the owner knew what he bargained for when he agreed on a price and does not need to be apprised of the basis of the charge by an enumeration of items. Busso v. Fette, 55 Mo. App. (St. L.) 453; Abbott v. Hood, 60 Mo. App. (St. L.) 196.

In Hilliker v. Francisco, 65 Mo. 598, this rule was applied where the lien was filed by a subcontractor and the account was more general than in the case in hand. On the authority of that case, which is of long standing and has been often cited approvingly, the statement filed by the plaintiff must be ruled sufficient.

3. The appellant admitted every allegation made by the respondent in relation to the plumbing, in its answer filed in the justice's court, and joined issue on nothing but the credits, claiming it should have certain credits not allowed by the plaintiff and asserting that plaintiff was entitled to a balance of only sixty-five dollars and eighty-two cents on the plumbing job. In the circuit court, Mahan took a nonsuit as to the balance claimed for the heating apparatus; whereupon the bank withdrew its answer to the count of the petition declaring on the contract for the plumbing and now insists that plaintiff was thereby put to the proof of all the allegations of said count and that the abandoned answer was erroneously received in evidence as an admission against interest. The answer was shown to have been filed by the bank's regularly employed attorney, after several conversations with the cashier of the bank, who undertook to inform him of the facts and was competent evidence in favor of the plaintiff. Walser v. Wear, 141 Mo. 443.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.