## THE STATE ex rel. ST FRANCOIS COUNTY BUILDING & LOAN ASSOCIATION v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

### Division Two, June 23, 1921.

1. **MECHANIC'S LIEN**: Itemized Statement: Contract Price. Where the proof shows that a definite price had been agreed upon between the contractor and the owner for a completed structure, it is not necessary, in order to entitle the contractor to a mechanic's lien, to set out the items of the various materials furnished and labor performed in complying with the contract; but a statement of the fact of such contract having been made at a definite price and performed is a sufficient account of the demand under the statute. [Distinguishing Rude v. Mitchell, 97 Mo. 365, and holding that the opinion of the Court of Appeals in so ruling does not conflict with previous decisions of the Supreme Court.]

2. ———: ———: ———: Contractors and Sub-Contractors. The opinion of the Court of Appeals in this case makes no distinction between original contractors and sub-contractors, and does not rule that as between the original contractor and the owner the same definiteness as to itemization in the lien claim is not required as in that of a claim by a sub-contractor or others, and therefore the opinion does not conflict in this respect with Rude v. Mitchell, 97 Mo. l. c. 374, or Mitchell Planing Mill Co. v. Allison, 138 Mo. l. c. 55.

*Certiorari.*

WRIT QUASHED.

*Jerry B. Burks* for relator.

(1) .The opinion of the learned Court of Appeals
in holding: 1st, that the first two items of the lien claim
or account filed by plaintiff, was sufficient without spe-
cifying any of the material or labor; 2nd, that an orig-
inal contractor with the owner was not required to make
his lien claim as specific and definite as sub-contractors;
3rd, that if the lien claim was as definite as the contract
under which it is furnished, it is sufficient; and, 4th,
that these principles may be applied even where the
rights of a third party or creditors are involved, is ab-
solutely contrary to and in defiance of the principles
of law set forth by this court in Rude v. Mitchell, 97
Mo. 372; Grace v. Nesbitt, 109 Mo. 19; Mitchell Planing
Mill Co. v. Allison, 138 Mo. 58; State ex rel. O'Malley
v. Reynolds, 266 Mo. 597. (2) The learned court re-
fers to the contract as being an aid of the lien account.
As to this we will say that the contract was not filed
with the lien claim and therefore cannot aid same. The
lien claim must stand or fall on its own merits. Coe v.
Ritter, 86 Mo. 287; O'Shea v. O'Shea, 91 Mo. App. 231.

*J. P. Cayce* and *Wm. M. Fitch* for respondents.

(1) This decision is not in conflict with the last
decisions of this court, but on the contrary it is in har-
mony with the principles of law set forth in the fol-
lowing decisions: Hilliker v. .Francisco, 65 Mo. 598;
State ex rel. O'Malley v. Reynolds, 266 Mo. 595; Grace
v. Nesbitt, 109 Mo. 9; Mitchell Planing Mill v. Allison,
138 Mo. 50. Neither is it in conflict with the decision
in Rude v. Mitchell, 97 Mo. 365, for the reason that the
lien claim in that case was based upon a *quantum meruit,*
while the claim in the instant case is based upon an ex-
press contract "to do an entire job, by the job, and
for an entire price," and for that reason the statements
in the opinion in Rude v. Mitchell do not apply to the

case at bar. (2) Where the work was done or the materials furnished under a contract with the owner for a specified sum, the contract being entire, it is not necessary that the claimant in his lien statement itemize his account. Mechanics Liens, 27 Cyc. 188; 2 Jones on Liens (3 Ed.), sec. 1406, p. 634; Rockel on Mechanics Liens, sec. 116, p. 309; Hilliker v. Francisco, 65 Mo. 598; Grace v. Nesbitt, 109 Mo. 9; Mitchell Planing Mill v. Allison, 138 Mo. 50; Marshall v. Hall, 200 S. W. 774; Brick Co. v. Const. Co., 177 Mo. App. 573; Busso v. Fette, 55 Mo. App. 453; Kern v. Praff, 44 Mo. App. 34; Mahan v. Brinnell, 94 Mo. App. 165. (3) The Court of Appeals did not decide "that an original contractor with the owner was not required to make his lien claim as specific and definite as sub-contractors." It did say, that "when the lien is filed by the original contractor who has specifically agreed with the owner to do the job for a certain price a detailed statement is not required, as the owner knew what he bargained for when he agreed on the price." That statement is quoted from Mahan v. Brinnell, 94 Mo. App. 165, and it has never been contradicted by the Supreme Court. Also, the Court of Appeals did say: "We think this account was such a statement of the claim as fairly appraised the owner and the public of the nature and amount of the demand asserted as a lien, and if it was such, then it was sufficient." That statement is in accordance with the rule of law announced in Mitchell Planing Mill v. Allison, 138 Mo. l. c. 56, and it has never been contradicted by the Supreme Court. (4) There is no sub-contractor in this suit, and any statement if made by the court, in regard to a sub-contractor's claim, would be *obiter*. The statute does not require the lien claimant to file an "itemized" account of his demand, but he is required to file a "just and true" account. Sec. 7221, R. S. 1919. "The account may consist of one or more items." Mitchell Planing Mill v. Allison, 138 Mo. 56.

DAVID E. BLAIR, J.—This is an original proceeding by writ of *certiorari* against respondents as Judges of the St. Louis Court of Appeals, wherein our constitutional authority is invoked to determine whether an opinion delivered by respondents is in conflict with certain decisions of this court.

The case of McCarthy Lumber & Construction Company, Respondent, v. Lee F. Kinder, Eva Kinder, St. Francois County Building & Loan Association (relator here) and Oscar L. Haile, appellants, came to the St. Louis Court of Appeals by appeal from the St. Francois County Circuit Court.

As appears from the opinion of respondents, Kinder and wife made a contract with McCarthy Lumber & Construction Company for the erection of a house on a lot owned by them. The contract was evidenced by a letter. So much of it as is of importance here is as follows:

"Prof. L. F. Kinder,
    Farmington, Mo.
"Dear Sir:
"We propose to furnish all labor and all the material required for the erection & completion of your 1 story bungalow dwelling in accordance with the plans and specifications that we have prepared for the same, for the sum of $2,480.

"It is understood that you wish to omit the brick fire place from this building, consequently we will deduct the sum of $104 for this omission, making net contract of $2,376."

Relator furnished the money for the erection of the house and took a deed of trust from the Kinders. The construction company erected the house in accordance with the contract, and the Kinders failed to pay the full contract price and for certain extras, leaving an unpaid balance of $960.19. Thereupon and in due time the construction company filed with the circuit clerk an ac-

count of its demand, in which the first two items are as follows:

"Oct. 15/15    To contract for erection of residence as agreed including the omission of fire place flue and foundation for same ............... $2,376.00
"25    To enlarging basement as agreed ...............    64.00"

The contract for enlarging the basement was made subsequent to the building contract, but was a complete and separate agreement. The other items of the account covered the extras, and the sufficiency of the statement as to them is not in dispute. There were about fifty items of such extras set out in said account.

Upon the trial of the suit filed to enforce such lien, defendants objected to the introduction of the lien account, for the reason it was not a true and correct account of the demand within the meaning of the Mechanic's Lien Statute (Sec. 7221, R. S. 1919), because the first two items do not state the nature of the work done or material furnished or items thereof. On appeal respondents held the lien account to be sufficient, and that the contractor did not need to set out these items with any greater particularity than they were stated in the contract. The opinion held:

"We think this account was such a statement of the claim as fairly apprised the owner and the public of the nature and amount of the demand asserted as a lien, and if it was such then it was sufficient."

In arriving at this conclusion respondents said:

"By reference to the terms of the contract it will be noted that the statement is as definite as the contract, and a lien statement which is as definite as the contract under which it is furnished is sufficient, and if a lumping price was agreed upon no other price could have been specified, so that the account would have been

a just and true one.    [Grace v. Nesbitt, 109 Mo. 9, 18 S. W. 1118.]

"Defendants contend, however, that even though the price could be a lump price, yet the items going to make up the whole for which the lump sum is charged, should be set out."

Relator contends such ruling is in conflict with certain designated controlling cases decided by this court, to-wit: Rude v. Mitchell, 97 Mo. 365, l. c. 372-3; State ex rel. O'Malley v. Reynolds, 266 Mo. 595, l. c. 598-9; Grace v. Nesbitt, 109 Mo. 9, l. c. 18-19; Mitchell Planing Mill Co. v. Allison, 138 Mo. 50, l. c. 54-5-6-8.

It was said by Black, J., in Rude v. Mitchell, supra: "Many things are often included in these building contracts for which the law gives no lien; and when it calls for a just and true account, it means a fairly itemized account showing what the materials are, and the work that was done, and the price charged, so that it can be seen from the face of the account that the law gives a lien therefor. A lumping item of the whole contract price on the one hand, and the credits on the other, is no compliance with the law at all. The account should be complete on its face, and a reference to the plans and specifications for the work done and materials furnished is a worthless reference and adds nothing to the statement. These liens are creatures of the statute, and the lienor must make and file an account which is a fair and substantial compliance with the law. If he fails to do this he has no lien for the materials and work not thus specified."

A reference to the facts stated shows the contract price was not agreed on and the suit was on *quantum meruit*. The sufficiency of a lien account covering in one item a charge for a complete structure at a price fixed *by contract* was not determined in the Rude case. What was said therein concerning a lumping item of the whole contract price not being a compliance with the law, was not necessary to the decision in that case.

In State ex rel. O'Malley, Admr., v. Reynolds, supra, was a proceeding by writ of *certiorari* in which the sufficiency of a lien account was involved. BLAIR, J., said: "The real objection relator makes to the lien account is that the account does not sufficiently set out the character of the materials furnished; and the sole question this objection presents, when the Court of Appeals' statement of facts in this connection is analyzed, is whether a description of materials furnished when made in abbreviations and trade terms is a compliance with the statutory requirement that a 'just and true account of the demand' shall be filed. [Sec. 8217, R. S. 1909.] . . .

"That this sort of description of the materials is, in such circumstances, sufficient under the statute (Sec. 8217, R. S. 1909) we have no doubt, and so held in the Plitt case."

The question of the sufficiency of a statement setting forth in one item a lump sum for work done under contract was not involved. The opinion of respondents is not in conflict with anything said in the O'Malley case.

In Grace v. Nesbitt, supra, the lien account did not put a value upon each item of materials. The items themselves were set out and the price was a lump sum. The court said:

"The materials were bought in a lump for an entire price, and this appears from the account filed. In such case no detailed statement of the values of items could have been given more accurately than as an estimate which could have been made as well by the owner. What the owner wanted to know was the price paid, so he could not be charged more."

In Planing Mill Company v. Allison, *supra,* the sufficiency of a lien statement, which omitted the dates of the various items, was involved. BARCLAY, J., at page 58, said:

"There was an objection in the trial court to the lien paper on the ground that there is a so-called 'lump-

ing charge' in it. That objection is not well founded. It does not appear that any item included in that charge represents anything that may not properly be made the subject of a lien under our law. If the contract of the subcontractor was to supply for the building a certain group of articles, for a certain price, there is no valid objection to his reciting those articles and then stating that one price in his claim, as was done in the case at bar.''

This case does not hold that it is *necessary* to set out separately all the items included at one contract price. It merely approves a lien account in that form. The contract embraced a group of articles for a building and not a complete building.

There is no language,used by this court in any of the case designated with which the opinion of the Court of Appeals can be said to be in conflict, unless it is the Rude case.

Hilliker v. Francisco, 65 Mo. 598, is one of the cases upon which respondents base their opinion. In that case this statement was held sufficient: ''To Junction City Stone furnished First National Bank, as per contract, $7,790.. '' HENRY, J., at page 603, said: ''The account filed with the clerk, under the circumstances, was specific enough. The only item about which there can be any doubt is the first, for stone furnished bank building as per contract, etc. There was evidence tending to show, not only that the bank was appraised of the terms of the contract between the contractors and plaintiffs, but had agreed with the contractors to the sum of $7,000, as compensation to plaintiffs for the labor and materials mentioned in the first item.''

In discussing and distinguishing the Hilliker case, Judge BLACK, in his opinion in the Rude case, at page 373, said: ''In Hilliker v. Francisco, 65 Mo. 599, the first item of the account was in these words: 'To Junction City Stone furnished First National Bank as per contract, $7,790.' The suit was one by the sub-contract-

288 Mo.—34

or, and there was evidence to show that the bank had agreed with the contractor to the sum of seven thousand dollars as compensation to the plaintiffs for the material and labor mentioned in the item. Under these circumstances it was held that the item was sufficiently specific. The item there in dispute, it will be seen, related to the stonework and labor of setting only, and the price is given. In the present case the first item is for $22,287, and there is nothing to show, on the face of the account, what is, or what is not, intended to be included. The Hilliker case furnishes no authority for upholding the account filed in this case, and that case goes to the verge of the law.''

In spite of what Judge BLACK said as to the Hilliker case going to the verge 'of the law, that case has been repeatedly cited with approval in other cases, and it has been clearly distinguished from the Rude case. [Busso v. Fette, 55 Mo. App. 453; Kern v. Pfaff, 44 Mo. App. 29; Mahan v. Brinnell, 94 Mo. App. 165.]

In the Rude case the necessity of particularity is apparent, because no specific contract for the work had been made, and this distinguishes that case from the Hilliker case. The rule laid down appears to be sound.

Where the proof shows that a definite price has been agreed upon between the contractor and the owner for a completed structure there is no need to set out the items of the various materials furnished and the labor performed in complying with such contract, and a statement of the fact of such contract having been made at a definite price and performed is a sufficient account of the demand under the statute as to that item. We therefore hold that the opinion of respondents in this respect is not in conflict with the cases designated by relator.

Relator contends that the opinion of respondents holds that as between the original contractor and the owner the same definiteness as to the lien claim is not required as that on the part of sub-contractors and

others, and in this holding the opinion conflicts with Rude v. Mitchell, 97 Mo. l. c. 374, and Mitchell Planing Mill Co. v. Allison, 138 Mo. l. c. 55. Relator apparently is mistaken. No such ruling appears in said opinion. Relator probably refers to the following language included in a quotation we have hereinabove made from the opinion:

"But this court held, in Mahan v. Brinnell, 94 Mo. App. 165, 67 S. W. 930, that when the lien is filed by the original contractor, who has specifically agreed with the owner to do the job for a certain price, a detailed statement of the items of material and labor that entered into the improvement is not required."

The language there used was in reference to what was decided in another case, and the language referred to makes no distinction as between original contractors and sub-contractors.

It therefore appears that our writ heretofore issued should be quashed and it is so ordered. All concur.