**MISSISSIPPI WOODWORKING COM-**
**PANY, a Corporation, Plaintiff,**

v.

**Frank J. MAHER, d/b/a All Contracting**
**Company et al., Defendants,**

**James M. Scannell, Jr., and Laverne C.**
**Scannell, His Wife, Defendants,**
**Respondents,**

**Elmer O. Kelley, Defendant, Cross Claimant,**
**Appellant.**

**No. 28973.**

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1954.

Ben F. York, St. Louis, for appellant.

Stanley. R. Schuchat and Floyd D. Stewart, St. Louis, for respondents.

HOLMAN, Special Judge.

This is an equitable action instituted for the purpose of adjudicating and enforcing the various mechanic's lien claims filed against property owned by defendants James M. Scannell, Jr., and wife (respondents). All of the claims were finally disposed of in the trial court except that of defendant, cross claimant, Elmer O. Kelley (appellant).

The allegations forming the basis of his claim for a lien are found in the amended cross claim filed by defendant Kelley against defendants Scannell. These defendants

filed a motion to dismiss the said cross claim upon the ground that it did not state a claim upon which relief could be granted against them. The motion to dismiss was sustained and defendant Kelley has duly perfected his appeal.

It appears from the allegations in the cross claim that defendants Scannell owned and occupied a dwelling located upon the land described in the pleadings. They contracted with defendant Frank J. Maher to erect a brick garage and breezeway to be attached to said dwelling. Maher entered into various subcontracts, one of which being with defendant Kelley who agreed to furnish all of the carpenter work on the garage and breezeway and materials for the roof for the sum of $520. On August 13, 1952, Mr. Kelley completed the work required under his contract and demanded payment from Mr. Maher but said defendant failed to pay any part of the amount agreed upon.

On the 8th day of October, 1952, defendant Kelley served written notice upon Mr. and Mrs. Scannell as required by Section 429.100 RSMo 1949, V.A.M.S., and on November 17, 1952, filed his verified lien account in the office of the circuit clerk of St. Louis County, which account was stated as follows, "Elmer O. Kelley, contract with Frank J. Maher, d/b/a All Contracting Company for the furnishing of carpenter work on garage and breezeway and materials for the roof thereto for the sum of Five Hundred Twenty Dollars ($520.00)."

In the amended cross claim defendant Kelley specifies the items of work and materials furnished by him in his compliance with the contract he made with Maher. At the time he obtained leave to file the amended cross claim this defendant also asked leave of court to file an amended lien but his request was denied. Kelley obtained a judgment by default against defendant Maher for the full amount of his claim but, as already indicated, the circuit court ruled that he was not entitled to a lien upon the property in question.

A lien claimant is required by Section 429.080 RSMo 1949, V.A.M.S., "to file with the clerk of the circuit court of the proper county a just and true account of the demand due him." The sole question to be determined upon this appeal is whether defendant Kelley complied with the mandate of this statute. More specifically we must decide whether this claimant met the requirements of the statute when he stated the lump sum contract or was he required to specify the various items of work and materials furnished by him?.

It is often said that the mechanic's lien statute, which gives to contractors, subcontractors, materialmen and laborers a rather extraordinary remedy, is just in principle and should be liberally construed. However, the fact that the remedy is extraordinary would certainly necessitate that a lien claimant substantially comply with the requirements of the statute in order to avail himself of the benefits thereof. Springfield Planing Mill, Lumber & Const. Co. v. Krebs, 196 Mo.App. 432, 193 S.W. 621.

The cases clearly indicate that where a lien claimant is an original contractor and has made a lump sum contract with the landowner, his lien account may be stated in a lump sum and need not be itemized in order to be considered sufficient. State ex rel. St. Francois County Building & Loan Ass'n v. Reynolds, 288 Mo. 522, 232 S.W. 1035. This is right and proper for the reason that the landowner is bound by his contract and should be familiar with the items required for a compliance therewith. But when a subcontractor asserts a lien the situation is quite different. There is no contractual relationship between him and the landowner. The landowner has never agreed to pay the subcontractor anything and is not personally indebted to him. It is only by reason of the mechanic's lien statute that the property may be subjected to the payment of the lien claim. In this situation the lien is not necessarily for the contract price but is only for the reasonable value of the labor and materials furnished. Kling v. Railway Construction Co., 7 Mo. App. 410.

We have concluded that the lien account filed by defendant Kelley was not a "just and true account" within the meaning of the statute and it follows that the action of the trial court in sustaining the motion to dismiss was proper. It is well established that even though the contract between the general contractor and subcontractor was for a lump sum the subcontractor must nevertheless include in his lien account an itemized statement of the labor and materials furnished. Martin-Welch Hardware & Plumbing Co. v. Spencer, Mo.App., 214 S.W. 417; Baker v. Smallwood, 161 Mo.App. 257, 143 S.W. 518. The reason for making this requirement is so that the landowner and others interested may learn from the lien statement what the lien claimant asserts he has furnished, thus permitting an investigation to be made to determine whether the materials actually went into the building, were lienable items, and that the amount charged is reasonable.

The fact that defendant Kelley furnished the required information a year later by incorporating it in his amended cross claim did not correct the deficiency. The items must be contained in the lien statement filed with the circuit clerk. Springfield Planing Mill, Lumber & Const. Co. v. Krebs, supra. Likewise, it is apparent that the court properly denied the request of the claimant to permit the information to be supplied by the filing of an amended lien statement long after the time provided for filing lien statements had expired.

In his brief defendant Kelley contends that the lump sum statement in the lien account is sufficient, citing Harry Cooper Supply Co. v. Rolla Nat. Bldg. Co., Mo. App., 66 S.W.2d 591; Oliver L. Taetz, Inc. v. Groff, 363 Mo. 825, 253 S.W.2d 824; Mitchell Planing Mill Co. v. Allison, 138 Mo. 50, 40 S.W. 118 and State ex rel. St. Francois County Building & Loan Ass'n v. Reynolds, supra. An examination of these cases will clearly show that, for various reasons, they do not support the contention for which they were cited.

Appellant Kelley further argues that in this case there is no reason for requiring that his lien account contain an itemized statement since the work was done on premises that were being occupied by the respondents and therefore they must have known the details concerning the labor and materials furnished. We confess that there is some logic in this argument. However, it does not necessarily follow from the fact that respondents resided near where the work was performed that they would be familiar with the work done and materials furnished by the various subcontractors. Furthermore, even if we assume they did have such knowledge, we do not believe that fact would justify us in departing from the long established requirements of a valid subcontractor's lien account as prescribed by the cases heretofore cited.

The judgment herein should be affirmed. It is so ordered.

RUDDY, Acting P. J., and BENNICK, J., concur.