**WADSWORTH HOMES, INC., a corporation, Respondent,**

v.

**The WOODRIDGE CORPORATION, a corporation, Defendant,**

**Dan Boyle, Trustee; Passumpsic Savings Bank**

**and**

**Azimuth, Inc., Appellants.**

**No. 23587.**

Kansas City Court of Appeals.

Missouri.

June 4, 1962.

Milton C. Clarke, Roy P. Swanson, Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, Hale, Coleberd, Kincaid & Waters, Liberty, for appellants.

James A. Moore, Laird P. Bowman, Kansas City, Gage, Hodges, Moore, Park & Kreamer, Kansas City, for respondent.

HUNTER, Presiding Judge.

This is a suit in equity by plaintiff-respondent, Wadsworth Homes, Inc., to adjudicate and enforce a lien for materials furnished to nonappealing defendant, the Woodridge Corporation, for the erection of a residence upon certain real estate in Clay County, Missouri.

The real estate was subsequently (but prior to the filing of respondent's mechanics' lien statement) acquired from The Woodridge Corporation by appellant, Azimuth, Inc., which concurrently mortgaged it to Dan Boyle, Trustee for City-Wide Mortgage Company, which latter corporation in turn and prior to the filing of respondent's

mechanics' lien statement, assigned the note and deed of trust to appellant Passumpsic Savings Bank.

Most of the pertinent facts were stipulated, and plaintiff provided supplementary evidence. The trial court held that a valid lien was established and entered judgment for $186.41, plus interest, and a lien declared superior to the rights of appellants. This appeal followed.

The Woodridge Corporation was a developer and builder of residences. Wadsworth Homes, Inc., was a manufacturer and seller of prefabricated homes of various designs and was well known as such in the building trades industry and to the general public.

Prior to December 21, 1959, the Woodridge Corporation obtained a conditional commitment for FHA loan guaranty for a number of houses to be erected in a subdivision where the property in question is located. The commitment was applied for under the provisions of Section 203(i) of the National Housing Act, Title 12, #1709(i) U.S.C.A., and the housing development in the subdivision is referred to by the parties as a "203(i) project" and the houses as "203(i) houses".

The term "203(i) houses" has a well understood meaning among builders, mortgage lenders and others connected with residential construction and lending. They are known to be a standard type of house constructed under rigid requirements of the FHA relating to minimum standards of construction, minimum square feet of space and like specifications, as shown by FHA regulations.

At the time of the commencement of the development of the subdivision the Woodridge Corporation arranged to purchase from Wadsworth Homes, Inc., prefabricated houses for the subdivision. Wadsworth Homes, Inc., prepared and supplied plans for such houses. The plans called for standard houses differing only in trim detail on the exterior front and the location of the kitchen on the left-hand or right-hand side of the houses. Wadsworth Homes, Inc., was to supply the materials for the particular house on order of the Woodridge Corporation as the latter completed the foundations. Such materials for each prefabricated house were to be completed except for plumbing, heating and wiring, and were to be supplied by Wadsworth Homes, Inc., on the site in three separate parts.

On May 29, 1959, upon notification by the Woodridge Corporation that it was desired, under Wadsworth Homes, Inc., Order No. 59–1014 the first shipment was made, and paid for in the sum of $307.65. On June 12, 1959, in accordance with instructions from the Woodridge Corporation, the second shipment was made, and paid for in the sum of $1,760.68. Pursuant to instructions the third and final shipment was made on December 21, 1959, and the Woodridge Corporation was billed therefor in the sum of $186.41 but no payment for this final shipment was made. The sum $186.41 was the remaining amount due under the contract specifying a sales price of $2,254.74.

Within less than six months and on June 6, 1960, Wadsworth Homes, Inc., filed its mechanics' lien, the only questioned part of which reads:

"Invoice No. 6574:

Materials for Final Erection  $186.41 [Plan Bel Rancho #3 K.L. (Truss Roof)]"

Appellants contend the trial court erred in declaring respondent to be entitled to a valid lien for the reason that respondent's lien statement does not describe the nature and quantity of the material supplied, nor give a just and true account as required by the lien statute. Appellants concede respondent furnished all the materials contracted for which were for the agreed price and of the reasonable value stated. They also admit that all of the contract price has been paid and properly credited, except

for the sum of $186.41, which is still owing. They question only the technical adequacy of the lien account as contained in the lien statement.

Section 429.080 RSMo 1959, V.A.M.S. provides in part that to obtain a valid lien requires the timely filing with the circuit clerk of " * * * a just and true account of the demand due him or them after all just credits have been given * * *."

■ While modern decisions recognize that the mechanics' lien statute, which gives to contractors, subcontractors, materialmen, and laborers a rather extraordinary remedy, is just in principle and should be liberally construed, the fact remains that there must be substantial compliance with the requirements of the statute in order for one to avail himself of its benefits.

■ It is also recognized in the cases that the legislative purpose of requiring the filing of the "just and true account" is so that the landowners and others interested may learn from the lien statement what the lien claimant asserts he has furnished, thus permitting an investigation to be made to determine whether the materials actually went into the building; whether they were lienable items, and whether the amount charged is proper. Grace v. Nesbitt et al., 109 Mo. 9, 18 S.W. 1118; State ex rel. O'Malley v. Reynolds, 266 Mo. 595, 182 S.W. 743.

■ The cases clearly indicate that where a lien claimant is an original contractor and has made a lump sum contract with the landowner, his lien account may be stated in a lump sum and need not be itemized in order to be considered sufficient. The reason ordinarily given is that the landowner is bound by his contract and should be familiar with the items required for a compliance therewith. Mississippi Woodworking Company v. Maher, Mo. App., 273 S.W.2d 753; State ex rel. St. Francois County Building and Loan Ass'n v. Reynolds, 288 Mo. 522, 232 S.W. 1035.

In McCarthy Lumber & Const. Co. v. Kinder, 206 Mo.App. 287, 225 S.W. 1024, an action was brought by the original contractor to recover $960.19 as the balance due from defendants for material and lumber furnished in the erection of a dwelling and to establish a lien therefor. There, as here, the contention was made that the lien statement was fatally deficient for its failure to itemize the material and labor provided. The questioned portion of the lien statement read:

"Oct. 15/15. To contract for erection of residence as agreed, including the omission of fireplace, flue, and foundation for same........$2,376 00
    25.    To enlarging basement as agreed                           64 00."

The St. Louis Court of Appeals ruled, loc. cit. 1026:

"(1) By reference to the terms of the contract it will be noted that the statement is as definite as the contract, and a lien statement which is as definite as the contract under which it is furnished is sufficient, and if a lumping price was agreed upon no other price could have been specified, so that the account would have been a just and true one. Grace v. Nesbitt, 109 Mo. 9, 18 S.W. 1118.

"(2) Defendants contend, however, that even though the price could be a lump price, yet the items going to make up the whole for which the lump sum is charged should be set out. But this court held, in Mahan v. Brinnell, 94 Mo.App. 165, 67 S.W. 930, that when the lien is filed by the original contractor, who has specifically agreed with the owner to do the job for a certain price, a detailed statement of the items of material and labor that entered into the improvement is not required, as the owner knew what he bargained for when he agreed on the price, and need not be apprised of the basis of the charge by an enumeration of the items of material that went into

the construction or improvements as agreed upon, and we have found no decision in this state holding to the contrary, where the matter was before the court upon this identical proposition.

"Defendant Kinder presumably knew what he was contracting for when he agreed to pay a specified price for the erection of a specified building; and where the contract, as here, was to erect a bungalow dwelling in accordance with plans and specifications for a particular sum, then the statement is as definite as the contract, and we think that under the particular facts in this case these items are sufficient."

The above cited opinion was reviewed by our Supreme Court in State ex rel. St. Francois County Building and Loan Ass'n v. Reynolds, supra. After reviewing numerous earlier cases, the Supreme Court in upholding the St. Louis Court of Appeals' opinion held, 232 S.W. loc. cit. 1037: "Where the proof shows that a definite price has been agreed upon between the contractor and the owner for a completed structure, there is no need to set out the items of the various materials furnished and the labor performed in complying with such contract, and a statement of the fact of such contract having been made at a definite price and performed is a sufficient account of the demand under the statute as to that item. We therefore hold that the opinion of respondents in this respect is not in conflict with the cases designated by relator."

In State ex rel. St. Francois County Building and Loan Ass'n v. Reynolds, supra, the Supreme Court cited with approval Hilliker v. Francisco, 65 Mo. 598, where the statement of the lien account was: "To Junction City stone furnished for First National Bank building, as per contract, and labor setting same * * * $7,790.00." This statement was ruled to be a substantial compliance with the applicable statutory requirements for a valid lien.

In Mississippi Woodworking Company v. Maher, supra, the St. Louis Court of Appeals cited State ex rel. St. Francois County Building and Loan Ass'n v. Reynolds, supra, but noted that a different rule applies when it is a subcontractor who is asserting the lien for the reason that there is no contractual relation between him and the landowner and hence the action is in quantum meruit for the reasonable value of the labor and materials furnished.

In Leach v. Bopp, 223 Mo.App. 254, 12 S.W.2d 512, loc. cit. 514, the court noted the difference in the rule to be applied where the claimant was a contractor suing on a lump sum contract as distinguished from a subcontractor suing in quantum meruit, stating: "Again, after much prior confusion, it is now firmly settled in State ex rel. v. Reynolds, 288 Mo. 522, 232 S.W. 1035, that, where a definite price has been agreed upon between contractor and owner for a completed structure, the contractor's lien statement need not set out the items of various materials furnished and the labor performed in complying with such contract. A statement of the making of such contract and its performance is sufficient." To the same effect see the recent case, K–V Builders, Inc. v. Thomas, Mo.App., 353 S.W.2d 130, 135, wherein the St. Louis Court of Appeals stated, " * * * the plaintiff could merely have stated the lump sum provided by the contract as a statement of account, State ex rel. St. Francois County Building & Loan Association v. Reynolds, 288 Mo. 522, 232 S.W. 1035. Had it done so, plaintiff would not have had to set out the various items of various materials furnished and labor performed, Mississippi Woodworking Company v. Maher et al., Mo.App., 273 S.W.2d 753."

Respondent contends that it is entitled to have the validity of its lien statement measured by the rule that applies to a lien claimant who is an original contractor proceeding to assert the lien against the land-

owner under a lump sum contract. We agree with this contention.

■■ At the time the contract between Wadsworth Homes, Inc. and the Woodridge Corporation was entered into, the latter was the owner of the land involved. The contract was for a certain prefabricated house (exclusive of foundation, plumbing, heating and wiring) known as a Bel Rancho No. 3 K.L. to be supplied by Wadsworth Homes, Inc. to the landowner Woodridge Corporation for a stated lump sum price, namely, $2,254.74. This was by a purchase order dated May 25, 1959. Pursuant to that contract the house materials were furnished the Woodridge Corporation long prior to any transfer of the land by Woodridge to appellant Azimuth, Inc. on April 25, 1960. Under such circumstances Wadsworth Homes, Inc. as the general contractor, was entitled to file its lien statement and to have it tested by the law applicable to a lien claimant who is a general contractor proceeding under a lump sum contract with the landowner. Azimuth, Inc. or any one else who later dealt with the property or a right therein could plainly see that a new house had been constructed or was in the process of construction on the premises. This was at least general notice that a workmen's lien might be asserted. Cf. Tull v. Fletcher, 196 Mo. App. 573, 196 S.W. 436; McAdow v. Sturtevant, 41 Mo.App. 220; Hydraulic Press Brick Co. v. Bormans, 19 Mo.App. 664.

■ As earlier mentioned, all of the parties agreed that the two earlier deliveries had been paid for and that proper credit had been given for those two payments. It is also conceded by all that the third delivery was made and that $186.41 is the correct amount owing on it and on the account. Under such circumstances we rule that the lien statement of the balance owing is a substantial compliance with the statute. See, Ridge v. Mercantile Loan & Trust Company, 56 Mo.App. 155, 159(4); Nelson Mfg. Co. v. Doherty, Mo., 191 S.W.

983. In the latter case, 191 S.W. at page 985, the Supreme Court en banc stated, "We are satisfied from the record that all of the parties interested in this matter, including appellants, acted upon the theory that the account was settled to the date of said receipt, and hence respondent did not waive its mechanic's lien by failure to set out as a part of its itemized account those materials included in above settlement."

Looking to the entire lien statement and testing the sufficiency of its "just and true account" by the rule applicable to a general contractor asserting a lien claim against a landowner with whom it has a lump sum contract, we conclude that the lien statement is sufficient and is a substantial compliance with the requirements of the lien statute, Section 429.080 RSMo 1959, V.A. M.S. The Woodridge Corporation is able to look to its mentioned contract consisting of the price schedule and purchase order and ascertain what items have been furnished as required by the contract.

It is noteworthy that all the parties have stipulated in the trial court as follows:

"10. The third and final shipment described above was furnished to the above described property and was used in, to and for the residence assembled thereon, and it is stipulated and agreed that the said $186.41 constitutes the reasonable value of said shipment.

"11. The said shipment was furnished by Wadsworth Homes, Inc., upon the credit of the building and the real estate above described, and Wadsworth Homes, Inc., relied upon its right to a mechanic's lien upon and against the said real estate and improvements when the shipment was supplied.

\* \* \* \* \* \*

"14. It is stipulated and agreed that if plaintiff Wadsworth Homes, Inc., is entitled to a mechanic's lien under its lien statement filed June 6, 1960, as

above described, said mechanic's lien is superior to any right, title or interest of the defendants, the Woodridge Corporation, Dan Boyle, trustee, Passumpsic Savings Bank and Azimuth, Inc."

We have examined all of the cases cited by appellants and find nothing in them contrary to our expressed views. In the main those decisions concern suits based on quantum meruit rather than on a definite lump sum price agreed upon in the contract. See, K-V Builders, Inc. v. Thomas, supra, 353 S.W.2d loc. cit. 135(2-4).

For the reasons stated we hold that the trial court did not err in its judgment declaring the asserted lien to be valid and superior to any right, title or interest of the defendants.

The judgment is affirmed.

All concur.