624 F.2d 133
 In re Odean B. GROFF, Isabel Groff, dba Odean B. Groff and
Sons, Bankrupts.
UNION MANUFACTURING & SUPPLY CO., INC., Plaintiff-Appellant,
v.
Odean B. GROFF, Isabel Groff, dba Odean B. Groff and Sons,
Defendants- Appellees.
 No. 78-1880.
 United States Court of Appeals,
Tenth Circuit.
 Submitted March 4, 1980.
Decided June 17, 1980.
 
 Jack D. Vahrenwald of Allen, Mitchell, Rogers & Metcalf, Fort Collins, Colo., for plaintiff-appellant.
 Before McKAY, LOGAN and SEYMOUR, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Appellant Union Manufacturing & Supply Co. (Union) delivered and installed a modular home for Odean and Isabel Groff in Sheridan County, Wyoming. The Groffs failed to pay the entire agreed-upon price, and Union filed a mechanic's lien with the county recorder. When the Groffs filed petitions in bankruptcy, Union sought to foreclose upon or reclaim the property pursuant to Bankruptcy Rule 701(6). The bankruptcy court entered an order denying Union's authority to foreclose the lien on the ground that the lien statement was defective under Wyoming law because it did not specify the labor and materials furnished. On appeal, the district court affirmed the bankruptcy court's determination that the lien statement was insufficient to create a valid lien. Union appeals, contending that its lien is valid and enforceable.
 
 I.
 
 2
 The validity of Union's lien must be determined according to Wyoming law. Because Wyoming's lien law was modeled after Missouri law, Wyoming courts look to Missouri cases as "persuasive." Arch Sellery, Inc. v. Simpson, 346 P.2d 1068, 1070 n.4 (Wyo.1959).
 
 
 3
 The Wyoming lien statute requires a lien claimant to file a "just and true account of the demand due him." Wyo.Stat.Ann. § 29-2-109 (1977). The lien statement filed by appellant in this case named the owner, described the property, and then stated: "The amount of the lien is $9,452.28, which amount is due as of the date hereof and which amount constitutes a lien against the above described property. The materials and supplies furnished in this matter were rendered to you." Record, vol. 1, at 4. No attempt is made in the lien statement to describe the "materials and supplies" which were furnished; nor is any indication given of the type of services rendered. Under these circumstances, the lower courts determined that the lien statement was insufficient to satisfy the statutory requirement of a "just and true account of the demand."
 
 
 4
 Appellant seeks to avoid this finding of insufficiency by pointing to the "lump sum" rule adopted by the Missouri courts. Under that rule, "where a lien claimant is an original contractor and has made a lump sum contract with the landowner, his lien account may be stated in a lump sum and need not be itemized in order to be considered sufficient." Wadsworth Homes, Inc. v. Woodridge Corp., 358 S.W.2d 288, 291 (Mo.App.1962). Even assuming that this rule is applicable in Wyoming, however, it does not help appellant in this case.
 
 
 5
 In the first place, some type of description of the work performed and the materials supplied must be given, even if the cost is not itemized as to each. Missouri courts applying the lump sum rule have explained that
 
 
 6
 the legislative purpose of requiring the filing of the "just and true account" is so that landowners and others interested may learn from the lien statement what the lien claimant asserts he has furnished, thus permitting an investigation to be made to determine whether the materials actually went into the building; whether they were lienable items, and whether the amount charged is proper.
 
 
 7
 Wadsworth Homes, Inc. v. Woodridge Corp., 358 S.W.2d at 291. None of the Missouri cases cited by appellant in support of the lump sum rule involved a lien statement which, as here, made absolutely no reference to the type of materials or services furnished by the claimant. Cf. Wadsworth Homes, Inc. v. Woodridge Corp., 358 S.W.2d at 290 ("Materials for Final Erection $186.41 (Plan Bel Rancho # 3 K.L. (Truss Roof))"); Mississippi Woodworking Co. v. Maher, 273 S.W.2d 753, 755 (Mo.App.1954) ("for the furnishing of carpenter work on garage and breezeway and materials for the roof thereto"); State ex rel. St. Francois County Building & Loan Association v. Reynolds, 288 Mo. 522, 232 S.W. 1035, 1035 (Mo.1921) ("contract for erection of residence as agreed including the omission of fireplace flue and foundation for same"). Accordingly, we agree with the lower courts that the description in this case is inadequate. Union's claim that a lien statement, no matter how deficient, creates an enforceable lien under the lump sum rule if the original parties entered into a specific contract is not supported by the cases and runs counter to the purpose of the lien statutes.
 
 
 8
 Furthermore, even if the appellant's lien would be valid under the lump sum rule as against the owner of the property who entered into the contract, we do not believe it would be valid against a trustee in bankruptcy. The lump sum rule is justified on the ground that "the landowner is bound by his contract and should be familiar with the items required for a compliance therewith." Wadsworth Homes, Inc. v. Woodridge Corp., 358 S.W.2d at 291.
 
 
 9
 This rationale for the lump sum rule does not extend to an intervening creditor without notice, such as a trustee in bankruptcy. Such a creditor is not bound by a contract entered into by the owner and has no knowledge of its terms and conditions. It is specifically to protect such creditors that the statutes require a detailed lien statement. Otherwise, a creditor is not able to "learn from the lien statement what the lien claimant asserts he has furnished." Wadsworth Homes, Inc. v. Woodridge Corp., 358 S.W.2d at 291. See Bernard v. Merrick, 549 S.W.2d 561, 563 (Mo.App.1977).[1]
 
 
 10
 Union cites the Wadsworth case in support of its position that if the lien statement is adequate as to the owner, it is valid as against any other party. In Wadsworth, the original owner sold the land, the new owner mortgaged it, and the mortgage company assigned the note, all prior to the filing of the lien statement. A Missouri appellate court held this statement valid under the lump sum rule as to all of these parties. Significantly, however, the court explained:
 
 
 11
 (A)ny one else who later dealt with the property or a right therein could plainly see that a new house had been constructed or was in the process of construction on the premises. This was at least general notice that a workmen's lien might be asserted.
 
 
 12
 Wadsworth Homes, Inc. v. Woodridge Corp., 358 S.W.2d at 293. In contrast, a trustee in bankruptcy has, by definition, all of the rights of a creditor without notice. See In re McClain, 447 F.2d 241, 243 (10th Cir. 1971), cert. denied, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972); 11 U.S.C. § 110(c) (superseded by 11 U.S.C.A. § 544(a) (1979)). Accordingly, neither the rationale of the lump sum rule nor the Missouri cases which apply it lead to the result advocated by Union.
 
 II.
 
 13
 Union claims that even if its lien statement is defective, it may enforce the lien under Wyo.Stat.Ann. § 29-2-114.[2] Assuming arguendo that this provision validates a defective lien statement against an intervening creditor without notice, as opposed to the owner, we agree with the district court that for bankruptcy purposes, § 29-2-114 presupposes a previously filed action against the owner to enforce the lien under the state lien statutes.
 
 
 14
 To be effective against a trustee in bankruptcy, a lien must be valid as of the date the petition in bankruptcy is filed. Subsequent to the date of filing, further legal action is allowed only as provided for by federal bankruptcy law. Any action thus allowed is brought under federal bankruptcy rules, not state procedures. Because no state foreclosure action had been commenced on the date of filing, § 29-2-114 was not invoked to allow enforcement of the lien. Accordingly, even if § 29-2-114 would have otherwise permitted enforcement of the lien, it did not and cannot take effect in this case.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Similarly, the rationale for the rule does not cover a subcontractor asserting a lien, because he has no contractual relationship with the owner. Mississippi Woodworking Co. v. Maher, 273 S.W.2d at 755
 
 
 [2]
 (I)n any action begun by any . . . materialman . . . or other person, to enforce a lien under the provisions of this chapter, if the petition shall state and the evidence shall show that . . . the materials (were) furnished for the use and benefit of the party or parties designated in the petition, and for use in, upon or about the property therein described and against which the lien is sought to be enforced, and shall also state and show that the owner or proprietor . . . had knowledge of the fact that . . . said materials were being furnished for use . . . , then and in that case any and all defects in the statement of said lien account as filed . . . shall be disregarded
 Wyo.Stat.Ann. § 29-2-114 (1977).